**COOPERSMITH BROS., INC.**

v.

**STEFKO BOULEVARD SHOPPING CENTER, INC.,**
Food Fair Properties, Inc.,
and
**J. H. Beers Company, Inc.**
Civ. A. No. 26294.

United States District Court
E. D. Pennsylvania.
March 20, 1962.

Norman N. Schiff, Newark, N. J., for plaintiff.

David O. Maxwell, Herbert A. Fogel, Philadelphia, Pa., for J. H. Beers.

JOHN W. LORD, Jr., District Judge.

Coopersmith Bros., Inc. (hereinafter Coopersmith) filed a complaint against Stefko Boulevard Shopping Center and Food Fair Properties, Inc. (hereinafter Food Fair) on May 6, 1959. The complaint sought to recover sums owing plaintiff arising out of construction of a shopping center in Bethlehem, Pennsylvania. Food Fair's answer disputed the charges alleged by Coopersmith in hundreds of minute respects. Among the items disputed by Food Fair was faulty paving which work was performed by J.

H. Beers Company, Inc. (hereinafter Beers) on a sub-contract from Coopersmith, the prime contractor. On October 27, 1960 an amended complaint was filed by Coopersmith against Beers as an additional defendant to answer the allegations concerning paving.

At the present time the original defendants Stefko Boulevard Shopping Center, Inc. and Food Fair have settled with Coopersmith leaving the claims of Coopersmith and Beers for disposition by this Court.

The transaction between Coopersmith and Beers involved the paving for the shopping center. After the paving was completed, Beers rendered a bill for its services with a payment being made on account by Coopersmith. In its counterclaim filed with this Court, Beers prays for recovery of the difference between the payment on account and the total bill rendered. Coopersmith, in its confusing answer to the counterclaim both admitted, and at the same time denied, that this sum was due and owing.

At this time, Coopersmith wishes to amend its answer and now specifically and clearly deny Beers' claim since it claims an error was made by Beers in its billing of Coopersmith. Coopersmith claims that Beers rendered a bill for the total area of the shopping center when in reality it had paved only a part of the area due to a change in the original specifications given by Food Fair to Coopersmith. Coopersmith's auditor has only recently discovered this overcharge and it is alleged in Coopersmith's affidavit that this information was not available when it answered the counterclaim of Beers.

It is in this complex setting that Coopersmith seeks to amend its answer to Beers' counterclaim in order to vitiate its prior admission and restate its absolute denial. The issue for deci-

sion is whether or not the discretion of this Court should be exercised allowing the amendment of the answer.

Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides in its pertinent part:

"* * * a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

This Rule has been interpreted with great liberality by the Courts. Brown v. Dunbar & Sullivan Dredging Co., 189 F.2d 871 (2nd Cir. 1951). See also Moore's Federal Practice, 2 ed., vol. 3, ¶ 15.08, pp. 828–830, and the cases cited there.

It is true, as Beers argues, that where unreasonable delay prejudices the defendant, amendments will be refused. Portsmouth Baseball Corporation v. Frick, D. C., 21 F.R.D. 318 (1958). However, from an examination of all the pleadings, affidavits, and briefs of the parties, this Court must determine whether prejudice would befall defendant as a result of any amendment of the pleadings.

This Court can see real prejudice to Coopersmith if the amendment is not allowed. In light of the equivocal answer to the counterclaim, it seems best if all the contentions of both parties are aired at the trial; neither party being foreclosed by the action of hoary principles of pleading. On the other hand, the court is not unmindful of the delay in moving for amendment with consequent prejudice to Beers. It is believed however that the exercise of liberality in this case will be in accord with the tenets of substantial justice, which it is hoped, will be the outcome of this litigation.

The motion of the plaintiff to amend its answer to counterclaim will be allowed and it is so ORDERED.