**FISCHER & PORTER COMPANY**

**v.**

**James F. HASKETT and Capital Controls Co., Inc.**

**Civ. A. No. 42087.**

United States District Court
E. D. Pennsylvania.

Aug. 7, 1968.

**832**

Solomon, Tolson & Resnick, Philadelphia, Pa., for plaintiff.

David N. Bressler, Philadelphia, Pa., for defendants.

## OPINION

MASTERSON, District Judge.

On February 14, 1967, the plaintiff, Fischer and Porter Company, instituted this action against the defendants James F. Haskett and Capital Controls Company, Inc. In its Declaratory Judgment Complaint the plaintiff requested a declaratory judgment that a patent, United States Patent Letters Number 3,220,430, obtained by the defendant Haskett and subsequently assigned to the defendant Capital Controls, was invalid, or, in the alternative, a judgment compelling the defendants to assign their entire interests in the patent to the plaintiff. The plaintiff also requested an injunction restraining the defendants from prosecuting any actions charging them with infringement of Patent No. 3,220,430. In their answer the defendants denied the plaintiff's allegations that the patent was invalid and that the invention was the property of the plaintiff. The defendants also counterclaimed on the basis that the plaintiff was infringing Patent No. 3,220,430.

Presently the defendants have made a motion pursuant to Rules 15(a) and 13(f) of the Federal Rules of Civil Procedure for leave to file an amended answer and counterclaims. In their proposed amended answer the defendants

seek to add two additional defenses to the plaintiff's complaint, i.e. a defense of laches and a defense of estoppel and/or waiver, and to correct a typographical error in paragraph two of their original counterclaim by changing the word "defendant" to "plaintiff". The defendants also seek to add four additional counterclaims to their answer:

(1) A "Second Counterclaim" which essentially charges the plaintiff with an attempt to monopolize the market for gas chlorinators, the product covered by the patent in question, in violation of the Federal anti-trust statutes;

(2) A "Third Counterclaim" which charges the plaintiff with acts of unfair competition;

(3) A "Fourth Counterclaim" which charges the plaintiff with abuse and/or misuse of civil process allegedly evidenced by the institution and prosecution of the current Declaratory Judgment action; and,

(4) The "Fifth Counterclaim" which charges the plaintiffs with violating the Pennsylvania Unfair Sales Act, 1941, August 11, P.L. 900, § 1 et seq., 73 P.S. § 211 et seq. The plaintiff has opposed the defendants' motion in its entirety. For reasons discussed below the Court has decided that it must deny the defendants' motion to amend to the extent that it seeks to add the "Fourth Counterclaim" which charges the plaintiff with abuse and/or misuse of process. All other amendments to the defendants' answer and counterclaims will be allowed.

■ In dealing with a motion to amend made pursuant to Rule 15(a) of the Federal Rules of Civil Procedure this Court must grant leave to amend freely " * * * when justice so requires",

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * * (o)therwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely

given when justice so requires." Rule 15(a).

See generally, Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). As the Supreme Court emphasized in *Foman,* ibid, p. 182, 83 S.Ct. p. 230, leave to amend should be denied only when there is strong justification for not permitting the amendment:

" * * * undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. * * *."

■ Insofar as the defendants' motion seeks to amend their answer proper it is clear that the procedural policies reflected in Rule 15(a) and in *Foman,* supra, require this Court to grant the motion. The plaintiff has not established either that such amendment would prejudice him or that there exist any other compelling reasons for denying this aspect of the defendants' motion. The defendants' delay in asserting these additional defenses is not itself a sufficient basis for denying the motion to amend. See generally, Coopersmith Bros., Inc. v. Stefko Boulevard Shopping Center, Inc., 30 F.R.D. 1, 2 (E.D.Pa. 1962).

■ The plaintiff strongly opposes that part of the defendants' motion which seeks to add the counterclaim charging the plaintiff with anti-trust violations. The plaintiff relies heavily upon Baim and Blank, Inc. v. Warren-Connelly Co., 19 F.R.D. 108, 109 (S.D. N.Y.1956), where the Court dismissed the plaintiff's complaint on the basis that it contained "* * * nothing more than general allegations that defendants have violated various provisions of the anti-trust law * * *." The Court explained its holding by distinguishing between anti-trust complaints and other types of claims,

" * * * it is not practical in these cases to proceed as in a negligence

case or in a simple commercial case. To do so would cause both court and counsel to become bogged down in the endless problems that will arise in pre-trial discovery proceedings. The complaint should show the relationship of the parties, the specific acts complained of, and the relation of the acts to the damages claimed." *Baim and Blank*, Ibid., p. 110.

Although the Court agrees that it is improper to permit parties to institute and/or complicate litigation with general and vague anti-trust complaints, it is clear that the defendants' allegations here of anti-trust violations are not vague, but, instead, are directed to specific practices of the plaintiff and that, therefore, the appropriate exercise of the Court's discretion under Rules 13(f) and 15(a) is to permit this amendment.[1]

■ In their counterclaim the defendants have complied with the mandate of *Baim and Blank*, supra, by describing thoroughly the relationship of the parties involved, the types of acts which are complained of, i.e. selling below cost, and the relationship of these acts to the damages which the defendants claim. Moreover, although the defendants have raised these claims at a late date, they have indicated that they first learned of the information which is the basis of these complaints in the course of deposing certain of plaintiff's employees and officers in the past few months. Particularly in view of this fact, and in view of the fact that pre-trial proceedings still are continuing and the case is not yet ready for trial, it is clear that "justice requires" this Court to permit the defendants to amend their answer to add this counterclaim. See, Reines Distributors, Inc. v. Admiral Corp., 39 F.R.D. 39 (S.D.N.Y.1963); Rosenberg Brothers & Co. v. Arnold, 283 F.2d 406 (C.A.9, 1960); Wendell v. Holland-America Line, 30 F.R.D. 162, 163 (S.D.N.Y. 1961), and Refrigeradora del Noroeste

S.A. v. Appelbaum, 248 F.2d 858, 862 (C.A.7, 1959).

■ The plaintiff also has opposed addition of the anti-trust counterclaim and addition of the counterclaims charging the plaintiff with unfair competition and violation of the Pennsylvania Unfair Sales Act on the basis that the claims contained in these pleadings are legally insufficient. It is clear that in this Circuit it is improper to rule upon the legal sufficiency of a claim when disposing of a motion to amend. See generally, Harvey v. Eimco Corporation, 32 F.R.D. 598, 600 (E.D.Pa.1963). An amendment should be allowed as long as it is not frivolous, and the claims which the defendants have asserted in these counterclaims clearly are not frivolous.

■ Finally, the Court believes that it must deny the defendants' motion to amend insofar as it seeks to add a counterclaim charging the plaintiff with abuse and/or misuse of civil process. This claim relates solely to the plaintiff's institution of this current action, and the law considers such a claim premature until the action has been terminated in favor of the party seeking to institute the abuse of process claim. See Miner v. Commerce Oil Refining Corporation, 198 F.Supp. 887, 893 (D.R.I. 1961), and Shwab v. Doelz, 229 F.2d 749, 753 (C.A.7, 1956). To permit the defendants to inject this claim into this action at the current time thus could only confuse and lengthen the trial and, accordingly, the Court will deny the defendants leave to file this counterclaim.

For all the reasons discussed above, the Court must deny the defendants' motion to amend insofar as it seeks to add a counterclaim charging the plaintiff with abuse and/or misuse of civil process. The Court must grant the defendants' motion to amend insofar as it seeks to amend the answer and to add three other counterclaims.

---

1. Rule 13(f) reads "Omitted Counterclaim. When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment.