Paul J. BOGOSIAN, on behalf of himself and all others similarly situated, Plaintiff,

v.

GULF OIL CORPORATION et al., Defendants.

Civ. A. No. 71–1137.

United States District Court, E. D. Pennsylvania.

Jan. 13, 1972.

See also D.C., 337 F.Supp. 1230.

David Berger, Herbert B. Newberg, Joseph R. Lally, Philadelphia, Pa., for

plaintiff; Harold Brown, Boston, Mass., of counsel.

John T. Clary, Philadelphia, Pa., for Shell Oil Co.; William Simon, Howrey, Simon, Baker & Murchison, Washington, D. C., of counsel.

Patrick T. Ryan, Drinker, Biddle & Reath, Philadelphia, Pa., for American Oil Co.

Frederic L. Ballard, Charles I. Thompson, Jr., Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for Atlantic Richfield Co.

L. Carter Anderson, Rawle & Henderson, Philadelphia, Pa., for Cities Service Oil Co.

Benjamin Quigg, Jr., Peter C. Ward, Morgan, Lewis & Bockius, Philadelphia, Pa., for Humble Oil & Refining Co.

John E. Blay, Philadelphia, Pa., for Mobil Oil Co.

Ralph W. Brenner, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for Phillips Petroleum Co.

J. B. H. Carter, John G. Harkins, Jr., Barbara W. Mather, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for Sun Oil Co.

Henry T. Reath, Duane, Morris & Heckscher, Philadelphia, Pa., for Texaco, Inc.

Edward W. Mullinix, Arthur Kahn, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for Union Oil Co. of Cal.

Hoyt H. Harmon, Jr., Bala-Cynwyd, Pa., for Gulf Oil Corp., Frederick L. Scofield, F. W. Morgan, New York City, of counsel.

## MEMORANDUM AND ORDER SUR PLAINTIFF'S MOTION TO AMEND COMPLAINT

JOSEPH S. LORD, III, Chief Judge.

This is a suit against eleven oil companies alleging violations by defendants of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2. The plaintiff has moved for leave to file an amended complaint. Defendants oppose the motion.

The original complaint alleged that plaintiff is a Gulf dealer. He complained, however, of alleged unlawful practices, not only by Gulf, but also by the other ten defendants. There were no allegations of any conspiracy among defendants. After some deposition discovery, all defendants except Gulf moved for summary judgment, arguing that plaintiff had no standing as to them. While that motion was pending, on October 20, 1971, plaintiff's counsel filed a lawsuit similar in many respects to this one, but containing allegations of a conspiracy among all defendants. Louis J. Parisi, et al. v. Gulf Oil Corporation et al. (C.A.No. 71–2543). Plaintiff thereafter filed the present motion which seeks to track the conspiracy averments in the Parisi complaint.

Defendants' resistance to the amendment is based primarily on their belief that the proposed allegations are not made in good faith and are sham, since plaintiff testified on depositions, in effect, that he personally knew of no factual basis to support a conspiracy charge (see plaintiff's deposition of July 8, 1971, pp. 159–60), and since conspiracy allegations were conspicuously lacking from the original complaint. F.R.Civ.P. 15(a) provides that at this stage of an action a party may amend his pleading by leave of court if the adverse party does not consent to such an amendment, "and leave shall be freely given when justice so requires."

It does indeed seem somewhat curious that such important allegations were originally omitted, and there may be suspicion that the omission was by design and not by inadvertence. However, on its face, the amendment is perfectly valid and proper and we cannot permit mere suspicion to constrict the liberal provisions of Rule 15.

Nor are we persuaded that plaintiff's lack of personal knowledge of conspiratorial facts is an impediment to amendment of the complaint. Experience has shown that where a conspiracy is suspected, the proof of it most frequently emerges from discovery aimed at defend-

**1236**

ants. In providing for private remedies in antitrust cases, Congress intended thereby to broaden the potential for enforcement of the antitrust laws by private citizens. To require that each private plaintiff have personal knowledge of the legal and factual intricacies of an alleged national conspiracy would impair at least to some degree the ability of private citizens to augment by private action governmental enforcement of Congress's will. Cf. Surowitz v. Hilton Hotels Corporation, et al., 383 U.S. 363, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966).

For the foregoing reasons, we will grant plaintiff's motion to file an amended complaint. It follows that defendants' motion to strike paragraph 17 of the original complaint must be denied as moot. Likewise, since defendants' motion for summary judgment was directed at the original complaint, now to be amended, that also will be denied as moot. The denial of these motions, however, is of course without prejudice to the right of defendants to direct any appropriate motions to the amended complaint.