**GLAZER STEEL CORPORATION,**
Plaintiff,

v.

**YAWATA IRON & STEEL CO., LTD.,**
et al., Defendants.

**No. 70 Civ. 4367.**

United States District Court,
S. D. New York.
June 30, 1972.

Donovan, Leisure, Newton & Irvine, New York City by Alfred H. Moses, Covington & Burling, Washington, D. C., of counsel, for plaintiff Glazer Steel Corp.

Albert D. Jordan, Valicenti, Leighton, Reid & Pine, New York City, for defendant Toyomenka, Inc.

Isaac Shapiro, Milbank, Tweed, Hadley & McCloy, New York City, for defendant Nippon Steel Corp.

## MEMORANDUM OPINION

PIERCE, District Judge.

Plaintiff, an importer and distributor of Japanese made steel, moves for leave to amend its complaint. It seeks to add a cause of action under Section 1 of the Sherman Act, 15 U.S.C. § 1 (1970 ed.). In substance, the proposed count alleges that since approximately September, 1968, defendants have engaged in a combined refusal to deal with plaintiff, wherein Nippon, a Japanese steel manufacturer, has refused to deal with it and has not permitted Japanese trading companies, such as defendant Toyomenka, to purchase Nippon products for resale to it. This has resulted in the trading companies' refusal to deal with plaintiff in Nippon products. *See* United States v. Arnold Schwinn & Co., 388 U.S. 365, 379, 87 S. Ct. 1856, 18 L.Ed.2d 1249 (1967). Defendants oppose the motion on the grounds that: Plaintiff seeks to amend for purposes of delay, plaintiff seeks to amend in bad faith, defendants will be prejudiced by such amendment, and the proposed amendment is vulnerable to a

motion to dismiss for failure to state a claim upon which relief can be granted.

Although a detailed history of the action need not be related here, a brief outline is helpful. Plaintiff filed its complaint on October 8, 1970. Since that time plaintiff has served defendant Toyomenka with two sets of interrogatories, requests for production of documents and two notices to take depositions. Neither of these depositions has yet been taken. Plaintiff has also served defendant Nippon with interrogatories and a request for production of documents. Defendants have objected to various aspects of the requested discovery and these objections have been the subject of rulings by the Court, with the result that some requests were upheld and others were not. Answers, where compelled, have been received by plaintiff, some as late as the fall of 1971. Nippon has served plaintiff with interrogatories, which have been answered, and has deposed its president. Extensions of time have been granted by counsel at various points in the litigation. In this context plaintiff served its motion for leave to amend on November 9, 1971, to be argued on November 30, 1971. The motion was adjourned twice and was finally heard on January 4, 1972.

■ A motion for leave to amend a pleading is addressed to the discretion of the Court and should be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Rule 15(a) of F.R.Civ.P. Leave to amend may be refused where the proponent of the amendment is acting for purposes of delay, or is guilty of bad faith, or where the opponent will be unduly prejudiced or the trial delayed. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed. 2d 222 (1962); 3 J. Moore, Federal Practice ¶ 15.08 [2] at p. 875 (2d ed. 1968). As to the legal merit of the amendment it has been held that on a motion for leave to amend, the sufficien-cy of the amendment or amended portion is not at issue. See, e. g., Austin v. House of Vision, Inc., 385 F.2d 171, 172 (7th Cir. 1967); Fox v. City of West Palm Beach, 383 F.2d 189, 195 (5th Cir. 1967); Nyscoseal, Inc. v. Parke, Davis & Co., 28 F.R.D. 24, 25 (S.D.N.Y.1961); Cravatts v. Klozo Fastener Corp., 16 F. R.D. 454, 455 (S.D.N.Y.1954); 3 J. Moore, Federal Practice ¶ 15.08 [4] at pp. 903–04 (2d ed. 1968) and cases cited therein. Other courts have held that amendment should not be permitted where it would be frivolous or where the amended portion of the pleading would be patently insufficient on its face. See, e. g., Key Pharmaceuticals, Inc. v. Lowey, 54 F.R.D. 447 (S.D.N.Y.1972); Fisher & Porter Co. v. Haskett, 287 F. Supp. 831, 834 (E.D.Pa.1968); Jenn-Air Prods. Co. v. Penn Ventilator, Inc., 283 F.Supp. 591, 595 (E.D.Pa.1968); Dombrovskis v. Murff, 24 F.R.D. 302, 304 (S.D.N.Y.1959); Chutter v. KLM Royal Dutch Air Lines, 132 F.Supp. 611 (S.D. N.Y.1954). Still other courts have gone further and have assessed the amendment to determine whether it could withstand a Rule 12(b) (6) motion to dismiss for failure to state a claim upon which relief can be granted. See, e. g., DeLuca v. Atlantic Refining Co., 176 F. 2d 421, 424 (2d Cir. 1949); Johnson v. Partrederiet Brovigtank, 202 F.Supp. 859, 867 (S.D.N.Y.1962); Cuomo v. Cities Service Oil Co., 21 F.R.D. 149 (S.D. N.Y.1957); 3 J. Moore, Federal Practice ¶ 15.08 [4] at pp. 902–05 (2d ed. 1968) and cases cited therein.

In the instant case defendants argue that plaintiff has been dilatory with respect to the amendment and is attempting to delay a trial of the original issues. They assert that plaintiff's president, Jerome Glazer, was aware of Nippon's decision not to offer steel for shipment to plaintiff as early as February, 1969. Plaintiff responds that it believed Toyomenka was acting as Nippon's agent until early 1971 when it learned that Toyomenka and other trading com-

panies purchased the steel from the mill for resale here. It contends that in the fall of 1971 it became convinced Nippon was effectuating its refusal to deal with plaintiff by restricting the resale of the steel by the trading companies: plaintiff learned that Toyomenka was selling Nippon products, which plaintiff could not obtain, to customers in the United States; plaintiff learned that at least one other Japanese trading company would not sell Nippon products to it. Defendant Nippon points out, however, that the testimony of Glazer at an oral examination on January 28–29, 1971, reveals plaintiff was aware at that time of Toyomenka's status as an independent buyer and seller of Nippon steel. Toyomenka goes further, and suggests that Glazer, an experienced steel importer, could only pretend to have been ignorant of the vendor-vendee relationship between the Japanese steel manufacturers and the trading companies.

The inference which Toyomenka suggests to the Court is disputed outright by plaintiff's counsel in his moving affidavits. *See* affidavit of Alfred H. Moses, dated November 4, 1971, at ¶ 4; affidavit of Alfred H. Moses, dated December 30, 1971, at ¶ 5. It also conflicts with the testimony elicited from Glazer at his oral examination. *See* exhibit annexed to affidavit of Isaac Shapiro, dated January 4, 1972, at p. 93, lines 16–20 and p. 94 lines 10–16. On the basis of this record the Court cannot conclude that plaintiff through its president must have known of the vendor-vendee relationship all along.

Nor does the fact that plaintiff admits learning of this relationship in early 1971 advance defendants' theory of delay. The premise of the proposed count is combined refusal to deal, effectuated by Nippon's control over who could purchase its products from its vendees, not unilateral action by Nippon. Thus plaintiff could have reasonably believed that it was in need of additional information before it could institute its Sherman Act claim. Plaintiff needed to know whether Nippon sold products it had ordered to distributors other than itself, through the trading companies, during the same period in which Nippon refused to sell to Glazer. In addition, plaintiff might not have wished to litigate its claim against Nippon without at least knowing whether Nippon would refuse to deal with it through other trading companies besides Toyomenka. This information became available in the fall of 1971 through answers to interrogatories and other correspondence.

■ The Court is persuaded that plaintiff has not been dilatory and does not seek to amend for purposes of delay. It appears that prior to the fall of 1971 plaintiff was unaware of sufficient facts of high probative value to support the requested amendment. The one year delay between the filing of this suit and plaintiff's discovery of this information was due in part to various deadline accommodations between counsel and, in part, to the parties' resort to the Court on discovery matters. Moreover, the record reflects that plaintiff has been diligent in moving this litigation along towards trial. In the absence of prejudice to the defendants or bad faith on the part of plaintiff, leave to amend should be granted. Middle Atlantic Utility Co. v. S. M. W. Dev. Corp., 392 F.2d 380, 384–385 (2d Cir. 1968); Green v. Wolf Corp., 50 F.R.D. 220, 223 (S.D.N.Y.1970); Fisher & Porter Co. v. Haskett, 287 F.Supp. 831, 833–834 (E. D.Pa.1968); Reines Distribs., Inc. v. Admiral Corp., 39 F.R.D. 39, 40–41 (S. D.N.Y.1963). The Court now turns to these issues.

Defendant Toyomenka contends that it is named in the proposed third count in bad faith. It seems to question the basic factual underpinnings of plaintiff's anti-trust claim. It suggests that Glazer has been unable to deal with Toyomenka because of Glazer's own conduct and that Glazer's loss of business is likewise attributable to its business practices.

Toyomenka also points out that it offered steel products to Glazer during the period of the alleged combination. Plaintiff responds by pointing out that Toyomenka's arguments are not supported by the facts adduced in defendants' supporting affidavits.

The Court is of the opinion that plaintiff has correctly characterized the situation. It is the combined action aspect of the defendants' refusal to deal which plaintiff attacks. Plaintiff asserts that Nippon decided for Toyomenka that it could not sell Nippon steel to plaintiff, and that Toyomenka in turn participated or acquiesced in this scheme. Defense counsel admits Nippon refused to sell to plaintiff. See affidavit of Isaac Shapiro, dated December 28, 1971 at ¶¶ 5, 8, 9. This refusal was apparently implemented through Toyomenka, and later Marubeni-Iida, Inc., another Japanese trading company. See exhibits B and C annexed to affidavit of Alfred H. Moses, dated November 4, 1971. Moreover, while Toyomenka alleges it offered steel products to Glazer during the period of the alleged conspiracy, the cause of action sought to be added relates only to Nippon steel. Toyomenka has not brought to the Court's attention any offers of Nippon steel made to Glazer. To the extent such offers were made, as found in exhibit D appended to affidavit of Alfred H. Moses, dated December 30, 1971, it may well be, as plaintiff contends, that Toyomenka dealt in such a "high-handed" manner as to cloak its offer with such disingenuousness as to bolster, rather than refute, plaintiff's combined action theory. In any event, the Court cannot say at this point that Toyomenka has not participated or acquiesced in Nippon's refusal to deal with plaintiff or refused to deal itself. Whether Toyomenka will ultimately be held liable for its activities is not the issue presented here for determination. *See infra.* On the record before the Court, Toyomenka has not established that plaintiff seeks leave to amend in bad faith.

Next, the defendants allege they will be prejudiced if plaintiff is permitted to add the third count to its complaint. This argument appears to be premised on the notion that discovery in this case has already been extensive and amendment will prolong and reopen these proceedings and, further, that plaintiff's real purpose in seeking to amend is to circumvent certain rulings which have limited the scope of its discovery. Plaintiff retorts that allegations of such prejudice are an insufficient basis for denying leave to amend.

While it is true that the scope of discovery will be broadened if the amendment is permitted, the Court agrees with plaintiff that, standing alone, this does not warrant denial of the motion. Middle Atlantic Utilities Co. v. S. M. W. Dev. Corp., 392 F.2d 380, 386 (2d Cir. 1968). The Court notes that trial is not imminent at this time: the parties are still engaged in discovery and plaintiff has not yet even commenced its examinations before trial. There is no assertion that the case is not now ready for trial on account of plaintiff's dilatoriness. Thus there would be no prejudice here sufficient to bar amendment, as there was in Strauss v. Douglas Aircraft Co., 404 F.2d 1152, 1155–1158 (2d Cir. 1968) and Riccuiti v. Voltarc Tubes, Inc., 277 F.2d 809, 814 (2d Cir. 1960).

Defendants' arguments seem even weaker in light of the fact that the limitation period on the anti-trust claim has apparently not yet expired. *See* 15 U.S. C. § 15b. *See* also Rutkin v. Reinfeld, 229 F.2d 248, 252 (2d Cir. 1956); Skouras Theatres Corp. v. Radio-Keith-Orpheum Corp., 193 F.Supp. 401, 405 (S.D.N.Y.1961); Fleisher v. A.A.P., Inc., 180 F.Supp. 717, 723 (S.D.N.Y. 1959). Thus plaintiff could seek its remedy in an entirely separate action, and its discovery there would be as

broad as that which may ensue here. In fact, since the same factual background underlies both the contract and anti-trust claims, it is not inconceivable that the anti-trust cause of action, if brought independently, might have been consolidated with the contract actions for purposes of trial. *See* Rule 42(a) of the F.R.Civ.P.; 5 J. Moore, Federal Practice ¶ 42.02 (2d ed. 1971). *See* also Farrell v. Hollingsworth, 43 F.R.D. 362, 363–364 (S.D.C.1968); Reines Distribs., Inc. v. Admiral Corp., 39 F.R.D. 39, 40–41 (S.D.N.Y.1963).

The Court will not deny plaintiff's motion on the basis of prejudice to the defendants, in the absence of any claims other than those asserted.

Defendants contend that leave to amend should be denied on the further ground that the proposed amendment fails to state a claim upon which relief can be granted. They take the position that plaintiff's claim rests upon a unilateral refusal to deal; they argue that the fact that the trading companies have not been successful in obtaining offers from Nippon, on behalf of plaintiff, does not transform the manufacturer's actions into a conspiratorial refusal to deal. In the absence of anti-competitive motive, a unilateral refusal to deal is lawful. Plaintiff answers that the third count states a cause of action under United States v. Arnold Schwinn & Co., 388 U.S. 365, 87 S.Ct. 1856, 18 L.Ed.2d 1249 (1967). It also suggests that as a matter of policy the courts favor a trial on the merits in anti-trust suits rather than a disposition on a motion for accelerated judgment, citing Norfolk Monument Co. v. Memorial Gardens, 394 U.S. 700, 89 S.Ct. 1391, 22 L.Ed.2d 658 (1969) and Poller v. Columbia Broadcasting System, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).

As noted earlier, the courts are divided in their treatment of the question of legal sufficiency on motions to amend: some have refused to review the sufficiency of the amended pleading, or add-ed pleading; others have not applied the Rule 12(b) (6) test for insufficiency but have satisfied themselves that the amendment would not create a frivolous or patently insufficient complaint or answer; other courts have refused to permit amendment if the amended pleading would not be able to withstand a Rule 12(b) (6) motion to dismiss for failure to state a claim upon which relief can be granted. *See* cases cited *supra*.

■ The courts are indeed reluctant to enter accelerated judgments in anti-trust cases. See Norfolk Monument Co. v. Memorial Gardens, 394 U.S. 700, 705, 89 S.Ct. 1391, 22 L.Ed.2d 658 (1969); Poller v. Columbia Broadcasting System, 368 U.S. 464, 472–473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Beckman v. Walter Kidde & Co., 451 F.2d 593 (2d Cir. 1971), petition for cert. filed, 408 U.S. 922, 92 S.Ct. 2488, 33 L.Ed.2d 333 (U.S. 1972) (No. 71–1058); Austin v. House of Vision, Inc., 385 F.2d 171, 172 (7th Cir. 1967); Ark Dental Supply Co. v. Cavitron Corp., 323 F.Supp. 1145 (E.D. Pa.1971). Moreover, they have been liberal in allowing amendments where anti-trust claims are involved. *See* Austin v. House of Vision, Inc., 385 F.2d 171 (7th Cir. 1967); Key Pharmaceuticals, Inc. v. Lowey, 54 F.R.D. 447 (S.D.N.Y.1972); Bogosian v. Gulf Oil Corp., 337 F.Supp. 1234 (E.D.Pa.1972); Fisher & Porter Co. v. Haskett, 287 F.Supp. 831 (E.D.Pa.1968).

Thus it would appear that of the three approaches which have been utilized with regard to the legal sufficiency of a proposed amendment, the least appropriate for the instant case would be the Rule 12(b) (6) test. Of the remaining two, the Court prefers the one which applies at least a minimal standard of merit since it assists in disposing of wholly meritless amendments, thereby preserving judicial energy for more-substantial matters. Accordingly, plaintiff's third count must be tested for frivolousness or patent insufficiency.

In United States v. Arnold Schwinn & Co., *supra*, the Court said, in the context of an action under Section 1 of the Sherman Act, "it is unreasonable without more for a manufacturer to seek to restrict and confine areas or persons with whom an article may be traded after the manufacturer has parted with dominion over it . . . . If the manufacturer parts with dominion over his product or transfers risk of loss to another, he may not reserve control over its destiny or the conditions of its resale." *Id.* at 379, 87 S.Ct. at 1865.

█ In the instant case it appears that Nippon does indeed sell its products to the trading companies, including Toyomenka, but in fact retains control over who may purchase these products from the trading companies. It seems Nippon has refused to sell its products to plaintiff and Toyomenka has participated or acquiesced in Nippon's scheme or has itself refused to deal with plaintiff in Nippon products. Thus the proposed third count alleges activities which appear to fall within the proscription of the language quoted. *See* Ark Dental Supply v. Cavitron Corp., 323 F.Supp. 1145, 1147 (E.D.Pa.1971); Ansul Co. v. Uniroyal, Inc., 306 F.Supp. 541, 559 (S.D.N.Y.1969); Interphoto Corp. v. Minolta Corp., 295 F.Supp. 711, 720 (S.D.N.Y.), aff'd, 417 F.2d 621 (2d Cir. 1969). The Court recognizes that the anti-trust laws are in a constant state of change, and that a finding of a violation largely turns on the facts adduced at trial. It may well be that the nature of the transaction between a Japanese steel manufacturer, a trading company and a United States importer necessitates that the vendor-manufacturer control who may purchase the steel through the intermediary of the vendee-trading company. Or it may develop that this situation is not of the type the Court

had in mind in *Schwinn*. In the first case, an exception to the *Schwinn per se* rule may be justified; in the latter, it may prove inapplicable. Such determinations cannot be made at this stage of the proceedings, however. The Court is satisfied the amendment is not frivolous or patently insufficient.[1]

Accordingly, in the exercise of its discretion, the Court grants plaintiff's motion for leave to amend.

█ The last items requiring attention in this case are the conditions Toyomenka wishes the Court to impose on plaintiff. It suggests that these are necessary to minimize the inconveniences and prejudice defendants will endure in the event the motion is granted. Defendant Toyomenka has not argued its position beyond these bald assertions. Toyomenka seeks thirty days in which to answer the amended complaint; it requests that the stipulation not to assert the defense of impossibility of performance, entered into with respect to counts one and two, be ruled inapplicable to count three; it wishes plaintiff to withdraw the second series of interrogatories, and the subpoenas addressed to Messrs. Saeki and Tokhuiro, without prejudice to further discovery; and it seeks for Nippon the right to recall plaintiff's president for additional oral examination.

It is the practice of counsel to enter stipulations based on the factual information and tactical considerations known to them at the time of the agreement. Here the stipulation preceded the addition of the anti-trust claim; *a fortiori* a different result might be reached if counsel were to decide now whether or not to enter into the agreement. But the stipulations have already been filed and it may be deduced that defendants believed, at the time of stipulation, that impossibility of performance could prob-

---

1. The argument advanced that the amendment is insufficient on its face because it merely tracks the language of the statute must be rejected. Minkoff v. Stevens Jrs., Inc., 260 F.2d 588 (2d Cir. 1958).

ably not to be established. In the absence of any contrary explanation, as to facts or law, it is assumed that the quality of defendants' proof on the impossibility issue has not been changed by the addition of the anti-trust count. Thus Toyomenka's request will be denied at this time, without prejudice to renewal of the request, upon submission of more specific briefs and affidavits in support of its position.

Insofar as Toyomenka seeks to have plaintiff's second series of interrogatories ordered withdrawn, along with certain subpoenas *duces tecum*, the Court finds little merit in this request. As defendants themselves have argued, the anti-trust count broadens the range of permissible discovery. Thus it is difficult to conceive of Toyomenka's objection being based on a discovery issue. Since defendant may have some other ground for its request, however, the Court will permit it 45 days in which to raise any *new* objections to these interrogatories and subpoenas, in light of the added third count.

Toyomenka also seeks permission for Nippon to conduct additional oral examination of plaintiff's president. At this point it would be premature to order plaintiff to produce him, since Nippon itself has not been rebuffed in its effort to recall him. If Nippon does seek further examination of the president, and is unable to obtain his presence, a proper application may be made at that time.

Therefore, plaintiff is granted leave to proceed in this action on the basis of the amended complaint submitted with its November 9, 1971 notice of motion. Defendants are granted 30 days in which to answer or move in response to the amended complaint. Defendant Toyomenka may submit briefs and affidavits in support of its request that the stipulation be declared inapplicable to count three within 45 days.

So ordered.