411 F.Supp. 214 (1976)
CENTRAL SOYA COMPANY, Plaintiff,
v.
ECONOMY BOAT STORE, Defendant and Third-Party Plaintiff,
v.
UNITED STATES of America, Third-Party Defendant.
No. 75-991A(4).
United States District Court, E. D. Missouri, E. D.
March 19, 1976.
Kortenhof & Ely, St. Louis, Mo., for plaintiff.
Goldstein & Price, St. Louis, Mo., for defendant.

ORDER
NANGLE, District Judge.
This matter is before the Court upon the motion of third-party defendant, United States of America, to dismiss the complaint against it, asserting that the applicable statute of limitations has run. Plaintiff brought this suit against defendant on October 30, 1975 to recover damages allegedly sustained as a result of a grounding on October 27, 1973. On January 27, 1976, defendant filed a third-party complaint against the United States, asking the Court to render any judgment to which plaintiff might be entitled directly against the United States, or, if plaintiff should prevail, to require the United States to indemnify Economy Boat Store. Economy Boat Store alleges that the United States breached its duty to maintain the navigable channel and navigation aids.
Third-party defendant contends that the third-party complaint is now barred as 46 U.S.C. § 745 provides that suit may be brought "only within two years after the cause of action arises . . .". The question for determination, therefore, is when third-party plaintiff's cause of action against the United States arose. After careful consideration of the authorities, the Court concludes that this third-party complaint should remain. See Hidick v. Orion Shipping and Trading Co., 157 F.Supp. 477 (S.D.N.Y.1957), aff'd, 278 F.2d 114 (2nd Cir. 1960), cert. denied, 364 U.S. 830, 81 S.Ct. 67, 5 L.Ed.2d 56 (1960), and the discussion of authorities therein, holding that the cause of action for indemnity does not arise until there has been a judgment entered against the indemnitee. While the Court is aware that these cases involved assertions of a contractual duty owed which gave rise to the claim for indemnification, third-party plaintiff herein has asserted a statutory duty owed. The Court is of the opinion that the distinction is without meaning.
Therefore,
IT IS HEREBY ORDERED that the motion of third-party defendant to dismiss the third-party complaint be and is denied.