**HEINOLD COMMODITIES, INC., a corporation, Plaintiff,**

v.

**NEW YORK MERCANTILE EXCHANGE, a corporation, Richard B. Levine, an Individual, Jacob Stern, an Individual, Hornblower & Weeks Hemphill Noyes, a corporation, Bache, Halsey, Stuart, Inc., a corporation, Bear, Stearns & Co., a corporation, F. J. Reardon Inc., a corporation, Merrill Lynch, Pierce, Fenner & Smith, Inc., a corporation, Bushwick Commission Co., Inc., a corporation, Richardson Securities, Inc., a corporation, Jacobson Commodities, Inc., a corporation, Dean Witter & Co., a corporation, Rosenthal and Co., a corporation, Beaver Brook Commodities, a corporation, Baradshaff Sales Co., a corporation, Paris Securities Corp., a corporation, Pressner Trading Corp., a corporation, Defendants.**

No. 76 Civ. 3905 (LFM).

United States District Court,
S. D. New York.

Feb. 27, 1978.

---

204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683, 698, n.19.

Davis, Polk & Wardwell by Frank S. Moseley and Christine Beck, New York City, and Sidley & Austin by Stuart S. Ball, Lawrence H. Hunt, Jr. and Michael W. Davis, Chicago, Ill., for plaintiff.

Beekman & Bogue by Martin P. Unger, New York City, for defendant Hornblower & Weeks-Hemphill, Noyes, Inc.

## OPINION

MacMAHON, District Judge.

Plaintiff moves for leave to amend its complaint. Rule 15(a), Fed.R.Civ.P.

Plaintiff commenced this action on September 1, 1976, alleging that defendants had fraudulently manipulated the price of Maine potato futures. The suit, which sought only injunctive and declaratory relief, was consolidated with numerous related actions seeking both equitable relief and damages. Discovery in the consolidated actions has been proceeding under the supervision of a Special Master. Plaintiff now seeks to amend its complaint to recover from defendant Hornblower & Weeks-Hemphill, Noyes, Inc. ("Hornblower") its "costs, attorneys' fees . . .., payments to third persons, and damages for injury to its good will and business reputation." Only Hornblower opposes the motion.

A motion for leave to amend is addressed to our discretion but should be freely granted "when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Rule 15(a), Fed. R.Civ.P. The motion may be denied, however, upon a showing of undue prejudice to the opposing party, the movant's undue delay in seeking leave, or the futility of the amendment. *American Electric Power Co. v. Westinghouse Electric Corp.,* 418 F.Supp. 435, 442 (S.D.N.Y.1976); *Glazer Steel Corp. v. Yawata Iron & Steel Co.,* 56 F.R.D. 75 (S.D.N.Y.1972).

There is no claim here that the proposed amendment is frivolous, legally insufficient, or otherwise futile. See *Glazer Steel Corp. v. Yawata Iron & Steel Co., supra,* 56 F.R.D. at 77. Plaintiff's delay in

**192**

seeking leave to amend is not in itself fatal to the motion. *Middle Atlantic Utilities Co. v. S.M.W. Development Corp.,* 392 F.2d 380 (2d Cir. 1968) (three-year delay); *Green v. Wolf Corp.,* 50 F.R.D. 220 (S.D.N.Y.1970) (four-year delay). See *S.E.C. v. National Student Marketing Corp.,* 73 F.R.D. 444 (D.D.C.1977) (amendment permitted after five years even though plaintiff had known of "new matter" for four years). And we find that plaintiff's delay is not indicative of bad faith. See *United States v. IBM,* 66 F.R.D. 223 (S.D.N.Y.1975).

Hornblower has also failed to show that it will be unduly prejudiced by amendment. Its argument that plaintiff should not be permitted to change the nature of its claim is unpersuasive. Plaintiff may amend its complaint to change its theory of recovery, *Foman v. Davis, supra,* or to seek additional damages. *Freeman v. Bee Machines Co.,* 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943). Specifically, it may amend its complaint for equitable relief to include a claim for damages. *Nucor Corp. v. Tennessee Forging Steel Service, Inc.,* 476 F.2d 386 (8th Cir. 1973); *A.L.B. Theatre Corp. v. Loew's Inc.,* 21 F.R.D. 584 (N.D.Ill.1957). And the possibility that Hornblower may be compelled to conduct further discovery is insufficient to defeat amendment at this point in the litigation. *Middle Atlantic Utilities Co. v. S.M.W. Development Corp., supra; United States v. IBM, supra.*

Accordingly, plaintiff's motion for leave to amend its complaint is granted. Plaintiff is directed to serve and file an amended complaint within twenty (20) days.

So ordered.