Linda Glenn **CURRIE**, Administratrix CTA of the Estate of Ralph A. Glenn, Jr., Deceased, Plaintiff,

v.

**UNITED STATES of America, Defendant.**

Civ. No. C–85–629–D.

United States District Court, M.D. North Carolina, Durham Division.

June 30, 1986.

See also, D.C., 644 F.Supp. 1074.

G. Jona Poe, Jr. and Terry D. Fisher, Durham, N.C., for plaintiff.

Kenneth W. McAllister, U.S. Atty., and Harry L. Hobgood, Asst. U.S. Atty., for defendant.

### MEMORANDUM OPINION

GORDON, Senior District Judge:

Defendant has moved to amend its answer to paragraph 28 of plaintiff's complaint. Paragraph 28 states as follows:

Leonard Avery was at all times set out hereinabove a Vietnam veteran of the United States Army, qualified and eligible for treatment and care by the Veterans Administration. By reason of such relationship, the Veterans Administration, and its staff and employees, including [various doctors], had the affirmative duty to render proper medical treatment and care to Avery upon presentment of the veteran at the VA Hospital in Durham, North Carolina, and further had an affirmative duty to take all necessary steps within their power to protect members of the public, and employees of IBM in particular, from the dangerous propensities of their patient, Leonard Avery, of which the Veterans Administration, and its staff and employees, including [these doctors], were aware.

Defendant originally "admitted" this paragraph. Defendant now seeks to amend its answer to paragraph 28 to specifically deny a legal duty to the public.

This case thus raises the issue of whether admissions may be withdrawn through motions to amend.[1] Authority on this issue is surprisingly sparse.

Because this motion was brought after Rule 15(a)'s right to amend as a matter of course had expired, this amendment could be made "only by leave of court." Fed.R. Civ.P. 15(a). Defendant correctly notes that pleading amendments are to be "freely given" by the court when justice so requires. Nevertheless, neither side gives specific authority for or against the proposition that amendments are to be given so freely as to allow admissions to become denials. The issue is particularly acute in a case such as this, in which discovery has ended and the Initial Pretrial Order set the cutoff date for amendments to pleadings more than six months before the amendment was sought.

The court has found a small number of cases which discuss this issue directly. Because these courts appear to have ruled on the issue independently of each other, the court believes it will be helpful to compile the cases here and discuss those it deems most important.

In *Coopersmith Bros. v. Stefko Boulevard Shopping Center, Inc.*, 30 F.R.D. 1 (E.D.Pa.1962), the district court allowed plaintiff to amend its reply to defendant's counterclaim. Plaintiff's "equivocal answer" had both admitted and denied the counterclaim,[2] so the court granted an amendment which allowed plaintiff to "vitiate its prior admission and restate its absolute denial." *Id.* at 2. The decision was later cited with approval by the Third Circuit for the proposition that "generous amendments" should be given under Rule 15. *Rannels v. S.E. Nichols, Inc.*, 591 F.2d 242, 247 (3d Cir.1979).

1. Defendant also argues that ¶ 28 was not "simple, concise and direct" as required by Fed.R. Civ.P. 8(e)(1). The court does not agree. Moreover, the fact that defendant answered this paragraph rather than requesting a more definite statement indicates that defendant must also have thought it simple, concise and direct.

2. Defendant argues that its answer should not be characterized as an admission to a legal duty. Defendant first states that while it admitted to an "affirmative duty" to the public, it was conceding only a "moral and ethical" obligation rather than a legal one. The court does not agree. Defendant's belief that it did not so admit is belied by the fact that it admitted this general "affirmative duty" without qualification. Moreover, even defendant argues that this "moral and ethical" duty arose from the psychiatrists' awareness of *Tarasoff v. Regents of the University of California*, 17 Cal.3d 425, 551 P.2d 334, 131 Cal.Rptr. 14 (1976); therefore, it is difficult to believe that defendant viewed the moral and ethical duty as independent from the legal standard.

Defendant also argues that its requested amendment is merely an amplification of its general "failure to state a claim" defense; therefore, the admission to ¶ 28 was ambiguous. The court agrees with defendant that this general denial may have made the admission ambiguous; while the "failure to state a claim" defense was general indeed, plaintiffs have an obligation to anticipate denials of legal duty, which need not be affirmatively pleaded. *Cf. Guy v. DuPont*, 792 F.2d 457, 460–61 (4th Cir.1986). Nevertheless, the court need not decide this issue. Because the court finds that even clear admissions may be withdrawn, it is unnecessary to determine whether the admission in this case was ambiguous.

In *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 539–41 (8th Cir.1977), *aff'g* 67 F.R.D. 411 (S.D. Iowa 1975), the Eighth Circuit upheld the trial court's grant of an amendment which withdrew an admission. Defendant had originally admitted manufacturing the water slide that allegedly caused plaintiff's injuries, but later sought to deny its manufacture after an on-site inspection convinced it otherwise. The lower court found no bad faith because defendant had relied on its insurance companies, which had been satisfied that defendant had manufactured the slide, and no prejudice despite the fact that questions remained as to whether the statute of limitations had run against other potential manufacturers. 67 F.R.D. at 414–15. The Eighth Circuit affirmed, finding that the lower court had not abused its discretion.

Finally, in *Voltmann v. United Fruit Co.*, 147 F.2d 514, 516 (2d Cir.1945), several of a cruise ship's passengers sued its owner for personal injuries incurred on the cruise. Defendant's original admissions that "there was a severe storm, the seas were heavy and the said steamship pitched, tossed and rolled" was modified on the *second day of trial* to an admission merely that "the seas were heavy and the steamship rolled." Defendant thereafter contested the storm evidence. Because the alleged negligence was that defendant's agents had improperly reacted to the storm, the change was a meaningful one. In upholding the amendment as "well within the letter and spirit of Rule 15(a)," the Second Circuit stated:

> It cannot be gainsaid that this puts a heavier burden upon the plaintiffs than they had been expecting to meet. The severity of the storm was a factor bearing directly upon the precautions the defendant was bound to take to protect its passengers on this voyage at the time they were hurt. But while the admission that the storm was severe and the steamship pitched and tossed was a benefit to the plaintiffs, to deprive them of it was not error provided they had an adequate opportunity to present their proof on the subject. They were given such an opportunity and, as the trial lasted for about ten days after the amendment was allowed, we cannot say that this was inadequate, especially in view of the fact that no motion was made for an adjournment to enable the plaintiffs to procure further evidence.

*Id.* at 516.

Other cases are not inconsistent with the idea that Rule 15 allows withdrawal of admissions in an answer.[3] As for the commentators, Wright & Miller's *Federal Practice and Procedure* does not appear to address the issue directly. Moore's *Federal Practice*, however, states as follows:

> In a proper case, and cognizant of the principles of liberality that govern amendments, a court may permit a pleading to be amended for the purpose of withdrawing an admission contained in the original pleading.

Moore's *Federal Practice* ¶ 15.08[7], at 15–96 (2d ed. 1985). It is clear from the cases that "a proper case" as identified by Moore, is one in which there is no bad faith by the party seeking the amendment and no prejudice against the party opposing it.[4]

In the instant case, there is no allegation of bad faith, and the court finds that the

---

**3.** *See Dix v. Brownell,* 141 F.Supp. 789, 791–92 (E.D.N.Y.1956) (withdrawal of admission allowed because trial not imminent and merits of case predominate over pleadings). *But cf. Komie v. Buehler Corp.,* 449 F.2d 644, 647–48 (9th Cir.1971) (not abuse of discretion for trial court to deny, without stated reason and three weeks before trial, defendant's amendment denying that agent was acting within scope of employment, which defendant had previously admitted in answer and stipulation).

**4.** This rule is a sound one. It is true that changing an admission to a denial is a complete reversal of a party's position, carrying with it a serious potential to mislead the other side. But this misguidance is best deterred, where appropriate, by imposing on the party making the error any additional costs the error caused rather than by preventing him from making the argument. Fed.R.Civ.P. 11; *see Basch v. Westinghouse Electric Corp.,* 777 F.2d 165, 174–75 (4th Cir. 1985), *cert. denied,* — U.S. —, 106 S.Ct. 1957, 90 L.Ed.2d 365 (1986). This rule may not apply, however, when substantive law specifically directs otherwise. *See e.g.,* Uniform Commercial Code § 2–201 Comment 7 (admis-

original admission was simply "inadvertently made." *Voltmann,* 147 F.2d at 516.

As for prejudice caused by an amendment, plaintiff notes no more specific harm than that, "at the very least, it would cause a significant delay of the trial in this matter." Mere delay, however, has not been recognized as a sufficient basis for denying these types of amendments, *Coopersmith Bros.,* 30 F.R.D. at 2, even if the delay postpones a trial already begun. *See Voltmann,* 147 F.2d at 516. Here, plaintiff was notified of defendant's denial, at the latest, in defendant's summary judgment brief, well in advance of trial.

The court also notes *sua sponte* that it has serious doubts that any admission to a legal duty ever could be valid. The court sees a fundamental difference between admitting to a fact and admitting to a legal duty. Arguably the latter simply cannot be binding on the parties; otherwise, a party could be found liable even when the law clearly states that he cannot be. At least one court has noted this distinction, at least in the context of the introduction of such "admissions" into evidence. *Le Chemise Lacoste v. Alligator Co.,* 374 F.Supp. 52, 68 (D.Del.) (while "factual admissions in a pleading are admissible as evidence ... legal conclusions are not admissions even though they may prove to be inconsistent with the ultimate position of the pleading party"), *vacated on other grounds,* 506 F.2d 339 (3d Cir.1974), *cert. denied,* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975).[5] Because defendant's amendment is being allowed, however, the court need not decide whether it was necessary to make it.

Because the case can best be decided on the merits by allowing defendant's amendment, defendant's motion will be granted.

---

sion of contract in pleading satisfies statute of frauds).

One might argue that such liberal amendments will eliminate the penalty embodied in Rule 9, that certain general denials constitute admissions. *See e.g., Jackson v. Seaboard Coast Line R.R.,* 678 F.2d 992, 1009–10 (11th Cir.1982) (conditions precedent that are only denied generally are "assumed admitted" under Rule 9(c) "and cannot later be attacked"). If an answer can be amended to assert a more specific denial with impunity, litigants might be encouraged to assert the general denials. This argument is not compelling because (1) it is checked to some extent by the "bad faith" exception to liberal amendments and the threat of sanctions, and (2) it is not inconsistent with how Rule 15 limits the other Rules' penalties, *e.g., Rannels, supra* (failure to plead special damages under Rule 9(g) may be corrected by amendment); Wright & Miller § 1278; Moore's ¶ 15.08[2] (despite Rule 8's statement that certain affirmative defenses not pleaded are waived, Rule 15 allows amendment to add those defenses). The ultimate goal of the Federal Rules is a determination of truth on the merits of the case, rather than a determination of the proper penalties for noncompliance. *See* Moore's ¶ 9.04, at 9–31 n. 4 ("In most instances ... where the defendant fails to deny performance [of a condition precedent] with particularity, the courts have allowed amendment of the pleadings to comply with the Rules.").

**5.** An admission should not be able to independently create a claim for relief that the law would not otherwise recognize. Admitting to the *fact* that one is a common carrier, for example, might give rise to a duty of utmost care, but that is because the law recognizes such a legal duty. A party who merely admits to "a legal duty of utmost care" may not be bound by that admission—the party will still be subject to a duty of ordinary care unless the *law* imposes a higher duty on him. *Cf.* Fed.R.Civ.P. 36 (Advisory Committee Notes to 1970 Amendment); *Williams v. Krieger,* 61 F.R.D. 142 (S.D.N.Y. 1973); Wright & Miller § 2255 (Supp.1986); Moore's ¶ 36.04[4], at 36–33 (Rule 36 request for admission of abstract principles of law is objectionable).