See also D.C., 241. F.Supp. 814.

**REINES DISTRIBUTORS, INC.,** suing on behalf of itself and all others similarly situated, Plaintiff,

v.

**ADMIRAL CORPORATION,** Admiral Credit Corporation, and Admiral Distributing Corp., Defendants.

Empire State Insulation Co., Inc., Bennett Reines, Rosalin Reines, June Morand, a/k/a June Stoltzfus, and Bernard Samuels, Additional Defendants on Counterclaims.

United States District Court
S. D. New York.

Sept. 6, 1963.

**40**

Nathan Shapiro, New York City, for plaintiff; Hoeniger & Rozen, New York City, Berthold H. Hoeniger, New York City, of counsel.

O'Brien, Driscoll & Raftery, New York City, for defendants; George A. Raftery and William D. Friedmann, New York City, of counsel.

METZNER, District Judge:

Defendants have moved pursuant to Fed.R.Civ.P. 13, 15, and 18 for an order permitting them to amend their answers to include two additional counterclaims against plaintiff and others, and to add certain parties as additional defendants on these counterclaims.

This action was begun on February 27, 1959. Plaintiff, who had been a distributor of Admiral products, alleges claims under the Robinson-Patman Act, 15 U.S.C. §§ 13, 15, and the Sherman Act, 15 U.S.C. § 1. In addition there are alleged various common-law claims. Defendants have interposed counterclaims based on transactions entered into pursuant to the distributorship contract.

The proposed additional defendants are Empire State Insulation Co., Inc., alleged to be part owner of plaintiff corporation and to have at times guaranteed obligations of plaintiff; Bennett Reines, alleged chief executive officer of plaintiff and Empire State, and part owner of both corporations; Rosalin Reines, his wife, alleged officer, employee and part owner of both corporations; June Morand, a/k/a June Stoltzfus, alleged executive employee of both corporations; and Bernard Samuels, alleged executive employee and attorney of plaintiff.

The first proposed counterclaim is based on a conspiracy between plaintiff and the proposed additional defendants to injure defendants in various ways, most of which appear to be intentional torts, such as interference with contractual relations, malicious prosecution, or prima facie torts.

The second proposed counterclaim repeats the allegations of the previous claim and alleges in addition a fraudulent conveyance of plaintiff's assets, pursuant to the conspiracy and for the express purpose of defrauding defendants, alleged to be plaintiff's main creditors.

Under the federal rules, leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); see 3 Moore, Federal Practice ¶15.08 (2d ed. 1948). As to counterclaims specifically, rule 13(f) provides that

"When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

See 3 Moore, supra, ¶13.33.

The affidavit of defendants' counsel submitted in support of their motion states that the facts on which the proposed counterclaims are based were discovered during the deposition of Bennett Reines. This deposition began on October 9, 1962, and has continued at intervals since then. This is sufficient excuse for defendants' failure to plead the counterclaims earlier. Furthermore, pretrial proceedings are continuing, and the case is not yet ready for trial. The

proposed counterclaims appear to relate generally to the fact situation on which plaintiff's claims and the existing counterclaims are based, and it would be wasteful of judicial effort for the proposed counterclaims to be dealt with in a separate lawsuit.

Plaintiff argues that the proposed counterclaims are insufficient in law, and therefore the motion should be denied. On a motion to amend a pleading, the court is not required to determine the sufficiency of the proposed amendment, when it is not patently deficient. Dombrovskis v. Murff, 24 F.R.D. 302 (S.D.N.Y.1959); Cravatts v. Klozo Fastener Corp., 16 F.R.D. 454 (S.D.N.Y. 1954). Furthermore, the propriety of the proposed second counterclaim is established by Fed.R.Civ.P. 18(b), which states:

"* * * a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money."

See 3 Moore, supra, ¶18.10.

The branch of the motion which seeks to bring in additional parties should also be granted. Rule 13(h) does not require that the parties to be added be indispensable within the meaning of rule 19, but merely that they be necessary for the granting of complete relief in the action. United Artists Corp. v. Masterpiece Prods., Inc., 221 F.2d 213 (2d Cir. 1955); Value Line Fund v. Marcus, 161 F.Supp. 533 (S.D.N.Y.1958).

The caption shall be amended by adding after the word "Defendants" the following:

Empire State Insulation Co., Inc., Bennett Reines, Rosalin Reines, June Morand, a/k/a June Stoltzfus, and Bernard Samuels,

Additional Defendants
on Counterclaims.

Motion granted. Settle order.