**HEALTH CORPORATION OF AMERICA, INC., et al.**

v.

**NEW JERSEY DENTAL ASSOCIATION et al.**

**Civ. A. No. 75–2022.**

United States District Court, D. New Jersey.

Jan. 30, 1978.

---

**3.**

Bruce K. Cohen, Meredith & Cohen, Philadelphia, Pa., Peter R. Thorndike, Wallace, Mariano, Thorndike & Brennan, Camden, N. J., for plaintiffs.

Arthur Meisel, Jamieson, McCardell, Moore, Peskin & Spicer, Trenton, N. J., for defendants.

## OPINION

BROTMAN, District Judge.

The complaint in this antitrust action was filed on November 26, 1975. On December 19, 1975, defendants filed an answer to the complaint together with a three-count counterclaim. On March 16, 1977, over fifteen months after the answer and counterclaim were filed, defendants moved this court, pursuant to Fed.R.Civ.P. 13(f), for an order permitting the filing of an omitted counterclaim which alleged violations of federal and state antitrust laws. This motion was assigned by the court to the Honorable Stephen M. Orlofsky, United States Magistrate. On April 15, 1977, in an opinion delivered from the bench, Magistrate Orlofsky denied defendants' motion. Defendants then appealed to the Court of Appeals for the Third Circuit but the appeal was dismissed on August 5, 1977 for lack of jurisdiction. *Accord, United States v. Reeds,* 552 F.2d 170 (7th Cir. 1977).

Before proceeding to the merits of defendants' claim, it is helpful to examine the function of the magistrate in district court civil proceedings and the standard of review applicable to his decisions in pre-trial matters. In 1968, after several years of study, Congress enacted the Federal Magistrate Act, 28 U.S.C. § 631, *et seq.,* which abolished the office of United States Commissioner and delegated more ambitious authority to the newly-created magistrates. Former § 636(b)(2) empowered a magistrate to assist "a district judge in the conduct of pretrial or discovery proceedings in civil or criminal actions." *See Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).

Seeking further to clarify and expand the role of the magistrate, Congress amended the 1968 legislation in October 1976 by rewriting 28 U.S.C. § 636(b). Pub.L.No. 94–577 (October 21, 1976); 28 U.S.C. § 636(b) (1976 Supp.). That section now reads:

(b)(1) Notwithstanding any provision of law to the contrary—

(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under the subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A) (1976 Supp.). Given the relatively short time since the passage of the legislation, there have been few judicial attempts to delineate the scope of the magistrate's power. *See, e. g., Berkey Photo, Inc. v. Eastman Kodak*, 74 F.R.D. 613, 614 n.4 (S.D.N.Y.1977); *U. S. v. Reeds, supra*. However, the legislative history of the new law is clear in seeking to expand the powers of the magistrate discussed in *Mathews*. *See* H.R.Rep.No. 1609, 94th Cong., 2d Sess. 6; 1976 U.S.Code Cong. & Admin.News pp. 6162–6174 [hereinafter referred to as the *House Report*]. Specifically, the *House Report* outlines procedures to be followed in both "dispositive" and "non-dispositive" motions over which the magistrate has recently been given jurisdiction:

The Federal Rules of Civil Procedure provides many opportunities for the parties by motion to invoke a decision of the court. These opportunities range from a motion under Rule 6(b) to extend the time for an act . . . to a motion under Rule 12(b) to dismiss, or a motion under Rule 56 for summary judgment on the grounds [sic] that there is no genuine issue of fact to justify a trial. In between these extremes are various motions relating to discovery, to production of evidence, to physical examination of a party, to join necessary or proper parties,

to suppress evidence, and to hold a pretrial conference under Rule 16, and others too numerous to mention.

Without the assistance furnished by magistrates in hearing matters of this kind, and others not specifically named, it seems clear to the committee that the judges of the district courts would have to devote a substantial portion of their available time to various procedural steps rather than to the trial itself.

*House Report* at 7, 1976 U.S.Code Cong. & Admin.News p. 6167.

As far as the "non-dispositive" motions, such as a motion to add an omitted counterclaim under Rule 13(f), were concerned, the Congress indicated that:

. . . the magistrate shall have the authority to not only hear the pretrial matter but also to enter an order determining the issue raised by the motion or proceedings. The magistrate's determination is intended to be "final" unless a judge of the court exercises his ultimate authority to reconsider the magistrate's determination.

The last sentence of subparagraph (A) makes it clear that a judge of the court has the ultimate judicial prerogative to review and reconsider a motion or matter "where it has been shown that the magistrate's order is clearly erroneous or contrary to law". The standard of "clearly erroneous or contrary to law" is consistent with the accepted and existing practice followed in most district courts when reviewing a pretrial matter assigned to a magistrate under existing law.

*House Report* at 9, 1976 U.S.Code Cong. & Admin.News p. 6169.

With this discussion in mind the court addresses the defendants' contentions.

The Magistrate gave five reasons for disallowing the filing of the omitted counterclaim. He concluded that:

1) the defendant had made no showing of "oversight, inadvertence, or excusable neglect" as contemplated by Rule 13(f);

2) a court has greater discretion regarding inclusion of an omitted counterclaim under Rule 13(f) (counterclaims and cross-claims) than under Rule 15(a) (general pleading amendments);

3) no new facts had been presented which would justify the filing of an omitted counterclaim;

4) the defendants' reasons for filing the additional claims were "suspect" in view of their prior actions in the case; and,

5) defendants had made no showing of the compulsory nature of their counterclaim which might support the allowance of an amendment.

On appeal of the magistrate's order the defendants argue that the plain language of Rule 13(f) comprehends a liberal amendment policy. The posture of the case is claimed to be such that amendment at this stage would not cause further delay of the proceedings or prejudice to the plaintiff. Defendants also point to the possibility that they might be foreclosed by the compulsory nature of the counterclaim and that judicial resources would be wasted in the event that a new action were required to be filed.

Defendants properly point out that Fed. R.Civ.P. 13(f) has received liberal application from a variety of courts in a variety of situations. *See, e. g., Rosenberg Brothers & Co. v. Arnold,* 283 F.2d 406 (9th Cir. 1960); *Spartan Grain & Mill Co. v. Ayers,* 517 F.2d 214 (5th Cir. 1975); *Reines Distributors, Inc. v. Admiral Corp.,* 39 F.R.D. 39, 7 Fed.R.Serv.2d 175 (S.D.N.Y.1965). It is the mandate of the Supreme Court that this rule, as all Federal Rules of Civil Procedure, be administered to promote efficiency and the ends of justice. *See Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Yet this policy does not dictate that Rule 13(f) be construed as an open-ended mechanism for avoiding the timely filing of counterclaims arising out of a single transaction. The Magistrate was correct in distinguishing between Rule 15(a) and Rule 13(f) in that the latter affords more discretion to the court after the grace period for filing amended pleadings has expired.

*Vieser v. Harvey Estes Construction Co.,* 69 F.R.D. 378 (W.D.Okl.1975); C. Wright and A. Miller, *Federal Practice and Procedure* § 1430 at 158–59.

The court is also aware of several important factors which distinguish this case from the usual motion under Rule 13(f) and advise against this belated attempt to amend the pleadings. First of all, the introduction of six additional counterclaims ranging from Clayton Act violations (15 U.S.C. §§ 14, 15, & 26) to New Jersey Antitrust Act violations (N.J.S.A. 56:9–4) cannot but further delay discovery in this already protracted litigation. While added delay, standing alone, might not be a valid reason to deny the late filing of the counterclaims, there are other factors which compel a denial of this motion.

 Because of the previous actions of the defendants in this case, the Magistrate suspected bad faith on their part. Specifically, the Magistrate referred to an affidavit filed by defendants' counsel on April 11, 1977, in support of a motion to stay discovery. Based on the Magistrate's extensive involvement in the pre-trial proceedings that have occurred to date, the court concludes that there was an adequate basis on which to support a finding of bad faith. The presence of bad faith is one factor which the Magistrate may consider in determining whether or not to allow the omitted counterclaims. 3 J. Moore, Federal Practice ¶ 13.33 at 846.

 Perhaps the most impressive substantive argument raised by the defendants is that they may later be foreclosed from asserting the claims raised by way of this Rule 13(f) motion. Had the defendants raised this argument before the Magistrate, it is quite possible that it would have been determinative of a result in their favor since the avoidance of claim foreclosure is one of the problems sought to be avoided by Rule 13. However, the defendants neglected to present this possibility to the Magistrate but instead relied upon an attenuated memorandum of law and an affidavit which merely indicated that the idea of a supplemental filing had recently occurred to the

defendants' attorney. No oral argument on this motion was requested. Since this argument was not presented to the Magistrate for his consideration before decision, the court will not consider it now. A contrary result would undermine the rationale of the recent Magistrate Act amendments and would increase, rather than alleviate, the burden of the trial judge in pre-trial matters.

 The cases relied on by the defendants to show the liberality of Rule 13(f) also demonstrate why the granting of defendants' motion is unwarranted under the facts presented. In *Spartan Grain, supra,* the court did allow an amendment of the pleadings despite the passage of a considerable period of time (16 months from the time of the answer to the Rule 13 motion) and the proximity of the trial date (two months subsequent to the filing of the motion). However, in *Spartan Grain* the trial judge neglected to give any reasons for his decision to deny the motion. The argument regarding the possible compulsory nature of the counterclaims was apparently raised before the trial court since the Court of Appeals considered this argument. Most importantly, the nature of the action in *Spartan Grain* was vastly different from the present situation. There, it would have been an easy matter for the trial court to have examined the trial exhibits in order to determine whether there had been compliance with federal and state laws. 517 F.2d at 220–21. Here, the six counterclaims sought to be litigated in the same forum as plaintiffs' antitrust action would undoubtedly complicate and delay an already complicated and protracted litigation. *Reines Distributors, Inc., supra,* is also quite different from the present situation. While it is true that the antitrust action in *Reines* had been pending for over four and one-half years at the time of the motion to amend, it is equally clear that the primary reason for permitting the amendment was "that the facts on which the proposed counterclaim [were] based were discovered during the deposition of [an officer of the corporate plaintiff]." 39 F.R.D. at 40, 7 Fed.R. Serv.2d at 176. The discovery of new facts

is not, as defendants correctly point out, a prerequisite to the filing of omitted counterclaims under Rule 13 but the absence of new facts is a legitimate factor to consider in deciding a motion of this kind.

In light of the legislative history of the Magistrate Act amendments of 1976 and because of the foregoing factors, the court finds that the Magistrate's decision, based on the evidence and legal argument submitted to him, was not "clearly erroneous or contrary to law." Defendants' motion is denied.

The appropriate order shall be entered accordingly.