Peter R. BROWN

v.

**BOATS UNLIMITED, INC., Bayliner Marine Corp., Outboard Marine Corp.**

Civ. A. No. 89–0059B.

United States District Court,
D. Rhode Island.

May 18, 1989.

Gerald J. Petros, Gardner H. Palmer, Jr., Providence, R.I., for plaintiff.

Steven Snow, Patridge, Snow & Hahn, Samuel A. Olevson, Paul V. Reynolds, Providence, R.I., for defendants.

## REPORT AND RECOMMENDATION

JACOB HAGOPIAN, United States Magistrate.

■ A Magistrate's Report and Recommendation is filed herewith pursuant to Title 28 U.S.C. § 636(b)(1)B. Any objection to this Report must be specific and must be filed with the Clerk of Court within (10) days of the receipt of the Report. Rule 32, Local Rules of Court, Rule 72(b), Federal Rules of Civil Procedure. Failure to timely file specific objections to the Magistrate's Report, findings, or recommendations is a waiver of the right to review by the District Court. *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *U.S. v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986).

■ A review of the Magistrate's Report by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the magistrate. *Paterson–Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir.1988).

The party seeking review must arrange for a transcript of the record forthwith.

■ Before the Court is defendant's, Boats Unlimited, Inc., motion to set aside the default entered on March 2, 1989 against Boats Unlimited, Inc. pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

Briefly, the facts are as follows. Plaintiff brought suit against the above-named defendants on February 3, 1989 seeking to rescind his purchase of a 2655 Bayliner Cura Sunbridge Motorboat claiming as grounds thereof the boat's defective condition and defendants' alleged unwillingness to repair the boat. On March 2, 1989, the Court entered a default against Boats Unlimited because Boats Unlimited failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure.

Defendant Boats Unlimited has now moved to set aside the default claiming that excusable neglect caused a short delay in filing their answer to the complaint. Defendant claims that its failure to respond to or answer the complaint was due to their mistaken belief that defendant Bayliner Marine Corp. would appear and defend the action on behalf of Boats Unlimited. After learning that Bayliner would not defend the action, the summons and complaint were forwarded to defendant's insurance agent who then forwarded it to its London underwriter. Thus, the delay in answering the complaint was due in part to their mistaken belief that Bayliner would defend the action and also caused in part by the unavoidable delays in the chain of communication between the insured, the agent, the London underwriter, and counsel.

Rule 55(c) of the Federal Rules of Civil Procedure reads as follows:

(c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

In the instant case, I find that defendant's mistaken belief as to who would defend their action amounts to "good cause." The defendant took action upon being served but simply took the wrong action by not filing a timely answer. There has been no showing on the part of the plaintiff that setting aside the default would prejudice him. *See Coon v. Grenier*, 867 F.2d 73 (1st Cir.1989). Accordingly, the entry of default should be vacated.

*Recommendation*

Defendant's, Boats Unlimited, Inc., motion to set aside entry of default should be granted. I so recommend to the Court.