**Ludwig JESSELSON, Erica Jesselson, and Lucy Lang, Trustees of the Jesselson 1983 Charitable Trust, Plaintiffs,**

v.

**OUTLET ASSOCIATES OF WILLIAMSBURG, LIMITED PARTNERSHIP, and Williamsburg Outlet Realty Corp., Defendants.**

**Civ. A. No. 90–1–NN.**

United States District Court,
E.D. Virginia,
Newport News Division.

Nunc Pro Tunc Dec. 16, 1991.

C. Vance Beck and Stephen E. Story, Kaufman & Canoles, P.C., Norfolk, Va., for plaintiffs.

Pamela Posey, S. Miles Dumville, Stephen C. Hall, Hazel, Thomas, Fiske, Weiner, Beckhorn & Hanes, P.C., Richmond, Va., for defendants.

## AMENDED MEMORANDUM OPINION AND ORDER

CLARKE, District Judge.

Plaintiffs Ludwig Jesselson, Erica Jesselson and Lucy Lang, Trustees of the Jesselson 1983 Charitable Trust ("Trust" or "Plaintiffs"), pursuant to Rule 72 of the Federal Rules of Civil Procedure, object to the Recommendation of the Magistrate Judge that the ruling on Defendants' Motion in Limine to exclude certain testimony and documents from evidence not be treated as dispositive. For the reasons set out more fully below, Plaintiffs' Objections to the Recommendation of the Magistrate Judge are OVERRULED, and Plaintiffs' Motion that the ruling on Defendants' Motion in Limine be treated as dispositive is DENIED. Furthermore, the Court finds that the Magistrate's ruling on the Motion in Limine is not clearly erroneous or contrary to law, and therefore is AFFIRMED.

## FACTS

The Trust seeks to recover from the Defendants, Outlet Associates of Williams-

burg, Limited Partnership ("Outlet Associates") and Williamsburg Outlet Realty Corp. ("Williamsburg Corp."), the proceeds of a loan allegedly made by the Trust to partially fund Outlet Associates' acquisition of the Outlets Ltd. Mall ("Mall") in Williamsburg, Virginia. In support of their claims, Plaintiffs proffered three contract documents: (1) a letter agreement dated November 4, 1988 to the Trust in care of Ludwig Jesselson from Lawrence Rezak, who, at the time these documents were executed, was the President and sole shareholder of Williamsburg Corp., which in turn was 99% owner and general partner of Outlet Associates ("Letter Agreement"); (2) a promissory note dated November 4, 1988, payable to the Trust in the amount of $715,000.00, and executed by Leibel Lederman, a business associate ("Note"); and (3) a guarantee by Lawrence Rezak, also dated November 4, 1988, guaranteeing to the Trust payment of all amounts due from Leibel Lederman on the Note ("Guarantee"). These documents are referred to by the Plaintiffs as Proposed Joint Exhibits 10, 19 and 20, respectively.

Rezak intended to syndicate ownership of the Mall by the sale of limited partnership interests in the entity which ultimately purchased the Mall. Rezak's ownership and control of both Defendants is not disputed, however, he signed the Letter Agreement and Guarantee in his individual capacity. Plaintiffs admit that Rezak and Lederman individually are obligated to repay the loan under the Letter Agreement, Guarantee and Note. However they also contend that the "principal source" of repayment was to be the proceeds or return of capital received by any Rezak–owned or controlled entity from syndication of the Mall. *See* Letter Agreement.

Defendant Outlet Associates purchased the Mall in November 1988. But instead of syndicating its ownership of the Mall, Outlet Associates sold the Mall outright, realizing a profit of $3 million. The Trust attached $1 million incident to this proceed-

ing. The balance of the sales proceeds passed from the limited partnership to a liquidating trust for Rezak and Lederman's creditors, as they, as well as both Defendants, have filed petitions in bankruptcy.

Two days prior to the Final Pretrial Conference, the Defendants filed a Motion for Summary Judgment. The following day, the Defendants filed a Motion in Limine which incorporated Defendants' Memorandum in Support of their Motion for Summary Judgment. The Motion in Limine sought the exclusion of Proposed Joint Exhibits 10, 19 and 20, as well as any related testimony, from evidence on the grounds that they were inadmissible under the parol evidence rule.

At the Final Pretrial Conference, Defendants' Motion for Summary Judgment was denied as untimely filed. The District Court then referred all objections and the Motion and Limine to a Magistrate Judge for hearing and determination.

At a hearing held on August 26, 1991, the Magistrate Judge granted the Motion in Limine filed by the Defendants in general and specifically held that Proposed Joint Exhibits 10, 19 and 20, which the Trust contends evidenced the overall loan agreement and the Defendants' repayment obligations, were inadmissible under the parol evidence rule. All testimony offered to bind the Defendants to pay the Trust was also excluded on the same grounds. *See* Memorandum of Magistrate Judge's Hearing Held August 26, 1991, dated August 29, 1991, p. 1 ("Memorandum of Magistrate's Hearing"). Plaintiffs then filed a motion asking that the Magistrate Judge find the granting of the Defendants' Motion in Limine dispositive of a claim or claims of the Trust, pursuant to Federal Rule of Civil Procedure 72(b). In his Memorandum of Magistrate Judge's Hearings and Report and Recommendation or Order ("Magistrate's Recommendation or Order"), dated October 3, 1991, the Magistrate Judge recommended[1] to the District

---

1. The Order of the District Court dated August 16, 1991 directed the Magistrate Judge to rule on the Motion in Limine. Plaintiffs' current procedural motion was directed to the Magis-

trate Judge who concluded that it would be judicially efficient to consider it as well. Even though the Magistrate Judge concluded that Plaintiffs' motion was not a dispositive one, he

Court that the Motion to treat the ruling on the Motion in Limine as dispositive be denied. The Plaintiffs now seek review of the Magistrate's Recommendation by this Court.

## PROCEDURAL ISSUES

Federal Rule of Civil Procedure 72 provides for review by a district judge of the parties' objections to a magistrate's rulings on pretrial matters. However, the standard of review differs according to whether the magistrate's decision was a dispositive one. Rule 72(a)[2] states:

A magistrate to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. The district judge to whom the case is assigned shall consider objections made by the parties ... and shall modify or set aside any portion of the magistrate's order found to be *clearly erroneous or contrary to law.* (emphasis added).

Rule 72(b) reads:

A magistrate assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party ... shall promptly conduct such proceedings as are required.... The magistrate shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate....

....Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations.... The district judge to whom the case is assigned *shall make a de novo determination* upon the record, or after additional evidence, of any portion of the magistrate's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions. (emphasis added).

Although the Magistrate characterized his decision as "specifically evidentiary and not dispositive", *see* Magistrate's Recommendation or Order, p. 8, the Trust contends that the Magistrate's ruling on the Motion in Limine effectively dismissed its case and granted Summary Judgment, which was previously denied by the District Court Judge, under the guise of an evidentiary ruling. Plaintiffs argue that since summary judgment is among the list of dispositive matters found in 28 U.S.C. § 636(b)(1)(A) of the Magistrates Act, the Magistrate's ruling should be treated as dispositive pursuant to Rule 72(b).

The Trust emphasizes the ruling's "dispositive effect" in that the exclusion of the three documents disposes of all of the Trust's contract claims[3], stating that Rule 72(b) requires only that the ruling be dispositive of a single claim or defense, not an entire case. Moreover, the list of dispositive matters found in § 636(b)(1)(A) is not

---

declined to rule upon it and instead filed his conclusions as a Recommendation. The Court concludes that Plaintiffs' present motion should not be treated under the initial order of referral and accepts the Magistrate's conclusions as a Recommendation. *See* Magistrate's Order dated October 3, 1991, p. 9 ("Magistrate's Order").

**2.** An amended version of Rule 72(a) became effective on December 1, 1991. The amendment is intended to eliminate a discrepancy in measuring the 10 days for serving and filing objections to a magistrate's action under subdivisions (a) and (b) of this rule, and to assure that objections to magistrate's orders that are not timely made shall not be considered. Fed.

R.Civ.P. 72, Notes of Advisory Committee on Rules. The amendment has no effect on the Court's determination of this case.

**3.** Plaintiffs' complaint consists of five counts. Counts 1, 3 and 5 are based upon Plaintiffs' contention that the Trust made the loan to the Defendants with the understanding that it would be repaid through Defendants' syndication of the Mall or the proceeds of the sale of the Mall. Count 2 is based upon an alleged agreement between the Trust and the Defendants to guarantee payment of the Note. Count 4 is a cause of action against the Defendants for unjust enrichment.

exhaustive; other motions in a particular case may be in fact dispositive of a claim.

█ However, Plaintiffs' arguments are not persuasive. As is advanced by the Defendants, the issue here is simple. Advance rulings on the admissibility of evidence are allowed at final pretrial conferences pursuant to Federal Rule of Civil Procedure 16(c)(3). Defendants' Motion in Limine merely sought the exclusion of specific items of Plaintiffs' evidence as inadmissible under the parol evidence rule. It is true that, as in this case, the exclusion of certain evidence can substantially effect a party's ability to present its case. The "dispositive" nature of Plaintiffs' case is simply a function of the case itself. It only appears dispositive because Plaintiffs do not have any additional admissible evidence to present. Plaintiffs have based their case on evidence that the Magistrate Judge found inadmissible and now, according to their own statements, have no evidence by which to prove their case and cannot expect to prevail. This does not mean, however, that Plaintiffs are barred from continuing with the action. Magistrate did not reach the merits of Plaintiffs' case, but merely made evidentiary rulings without regard to the effect of the rulings on the outcome of the litigation.

Moreover, the Magistrate Judge's ruling on Defendants' Motion in Limine cannot be analogized to a Motion for Summary Judgment. Again, the subject of the Motion in Limine was the admissibility of evidence. A motion for summary judgment requires that the Court determine that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. The Magistrate did not make these determinations at the hearing on the Motion in Limine.

Accordingly, the Court adopts the Recommendation of the Magistrate and finds that the Magistrate's ruling on Defendants' Motion in Limine was not dispositive pursuant to Rule 72(b). Therefore Rule 72(a) applies in this case and the Court will review the Motion in Limine using the appropriate standard, namely whether the Mag-

istrate's order granting the Motion in Limine, or any part thereof, was clearly erroneous or contrary to law.

Next this Court must consider what issues raised regarding the Motion in Limine are subject to review by this Court. Defendants assert that the Court should review only those issues and arguments raised before the magistrate. Therefore the Court should decline to consider Plaintiffs' parol evidence rule exceptions enumerated in paragraphs 4(c), (d), (g), (h) and (i) on pages 5 and 6 of Plaintiffs' Objections to Rulings And/Or Recommendations of Magistrate, as well as their Statement of Material Facts and Plaintiffs' argument concerning prerequisites to a finding of ambiguity under New York Law on pages 15 and 16 of Plaintiffs' Memorandum in Support of their Objections.

█ Review of a Magistrate's ruling before the District Court does not permit consideration of issues not raised before the Magistrate. *See Paterson–Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990–91 (1st Cir.1988); *Borden v. Secretary of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir.1987); *Brown v. Boats Unlimited, Inc.*, 128 F.R.D. 23, 24 (D.R.I.1989). A magistrate's decision should not be disturbed on the basis of arguments not presented to him. *Mitchell v. Consolidated Freightways Corp.*, 747 F.Supp. 1446, 1447 (M.D.Fla. 1990). This rule is based upon the same concept which prevents parties from arguing in the appellate courts issues and arguments not raised below. *Borden*, 836 F.2d at 6.

Moreover, the purpose of the Magistrates Act is to allow magistrates to assume some of the burden imposed on the district courts and to relieve courts of unnecessary work. *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980); *Chamblee v. Schweiker*, 518 F.Supp. 519, 520 (N.D.Ga.1981). Allowing Plaintiffs to present their case to the Magistrate, and then, because they were unsuccessful, present new issues and arguments to this Court frustrates this purpose. The Magistrates Act was not intended to "give

litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Greenhow v. Secretary of Health and Human Servs.,* 863 F.2d 633, 638 (9th Cir.1988). Plaintiffs have not raised any claim of exceptional circumstances to justify or excuse their failure to make these new arguments before the magistrate.

■ Therefore, the issues and arguments subject to review in this case shall include only those raised at the Magistrate's hearing on the Motion in Limine. Paragraphs 4(c), (d), (g), (h) and (i) of Plaintiffs' Objections to Rulings And/Or Recommendations of Magistrate, Plaintiffs' Statement of Material Facts and their argument regarding prerequisites to a finding of ambiguity under New York law will not be considered by this Court.

■ Defendants also raise an additional procedural issue regarding Plaintiffs' Rebuttal Memorandum to Defendants' Response to Objections to Magistrate's Rulings ("Plaintiffs' Rebuttal Memorandum"). By letter to the Clerk's Office dated November 6, 1991, Defendants filed an objection to the Court's consideration of the Rebuttal Memorandum on the grounds that the matter pending before the Court is in the form of Objections rather than a motion by the Plaintiffs, therefore local rules regarding motions do not apply. Moreover, "the process available for objection to magistrate's rulings pursuant to Fed. R.Civ.P. 72 does not provide for rebuttal." Defendants' point is well-taken and the Court therefore will treat Plaintiffs' Rebuttal Memorandum as surplusage and will not consider it in its review of the Magistrate's ruling.

Now that the procedural issues have been resolved, the Court turns to the Motion in Limine itself and the parol evidence rule issues.

## PAROL EVIDENCE RULE ISSUES

■ Under New York law [4], the parol evidence rule is a substantive rule of contract law. *Mastrangelo v. Kidder, Peabody & Co.,* 722 F.Supp. 1126, 1131 (S.D.N.Y.1989); *Centronics Fin. Corp. v. El Conquistador Hotel Corp.,* 573 F.2d 779, 782 (2d Cir.1978). The rule precludes the introduction of prior or contemporaneous oral negotiations or statements between the parties to alter, vary, add to or contradict the terms of a complete and unambiguous written agreement. *Mastrangelo,* 722 F.Supp. at 1131; *Happy Dack Trading Co. v. Agro–Industries, Inc.,* 602 F.Supp. 986, 991 (S.D.N.Y.1984).

■ The Magistrate held at the August 26, 1991 hearing that the documents were complete and unambiguous; therefore the Plaintiffs could not offer evidence of negotiations that preceded the written agreement or any evidence of alleged contemporaneous oral agreements that materially alter, vary or add to the terms of the written documents. Nor could any parol evidence be admitted to show an agency relationship between Rezak and Lederman and the named Defendants. The Letter Agreement is drafted on Rezak's personal letterhead. Rezak and Lederman signed their own names without indicating that they acted on behalf of any entity. Under New York law, where a contract is signed by an individual who does not indicate therein that he is signing as an agent on behalf of a disclosed principal, the individual is deemed to be contracting on his own behalf. *Beck v. Suro Textiles, Ltd.,* 612 F.Supp. 1193, 1194 (S.D.N.Y.1985). Since no agency was alleged within the four corners of any of the three documents, no

---

**4.** In diversity suits, a federal court must apply the law of the forum state, including its choice of law principles. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). Therefore, Virginia's choice of law rules govern. In Virginia, the validity, interpretation and construction of a contract are governed by the substantive law of the place of contracting; where the final act is done which is necessary to make the contract binding. *Chesapeake Supply and Equip. Co. v. J.I. Case Co.,* 700 F.Supp. 1415, 1416–17 (E.D.Va.1988). In this case, all events necessary for the making of the loan agreement between the Trust and the obligors became final in New York. Counsel for both parties agree that New York law on substantive contract formation and interpretation govern this action in Virginia.

parol evidence regarding agency can be introduced and the Defendants cannot be held to be parties to the agreement. *See Kashfi v. Phibro–Salomon, Inc.*, 628 F.Supp. 727, 732 (S.D.N.Y.1986).

There are however, several well-recognized exceptions to the parol evidence rule, and Plaintiffs submit that several of these exceptions [5] apply to permit the introduction of the proffered evidence.

### Parol Evidence Rule Exceptions

#### (1) Integration

 The parol evidence rule does not apply when the entire agreement has not been reduced to writing and "fully integrated" to express the parties' complete understanding of the agreement and to embody all of their mutual rights and obligations. *See Adler & Shaykin v. Wachner*, 721 F.Supp. 472, 476 (S.D.N.Y.1988). Therefore, when an agreement is not integrated, parol evidence is admissible to supplement the writing and form the entire contract. "If upon inspection and study of the writing ... it appears to contain the engagements of the parties, and to define the object and measure the extent of such engagement, it constitutes the contract between them, and is presumed to contain the whole of that contract." *Id.* at 476–77; *see also Greenfield v. Liberty Const. Corp.*, 81 N.Y.S.2d 550, 551–52 (1948).

 The Magistrate ruled that the Letter Agreement, the Note and the Guarantee together constituted a complete and unambiguous agreement between the Trust and Rezak and Lederman. Plaintiffs contend that the three contract documents constitute a partially, rather than a fully integrated contract, in that the Letter Agreement was silent as to how the loan was to be repaid if the syndication of Mall was unsuccessful or was withdrawn; therefore evidence of the complete agreement may be introduced without violating the parol evidence rule. *Greenfield*, 81 N.Y.S.2d at 552; *Dickinson v. Dickinson*, 273 A.D. 1055, 79 N.Y.S.2d 833, 834 (1948).

The Letter Agreement, Note and Guarantee, taken as a whole, appear complete and contain all of the elements necessary for an agreement. Together they outline the nature of the agreement, the parties who are obligated under the agreement, and the extent of the obligation. Also, the parties involved in this transaction were experienced businessmen, yet nowhere in the documents were the Defendants made responsible to repay the loan. *See Kashfi*, 628 F.Supp. at 732. The Court finds that the Magistrate's determination that the documents constitute an integrated agreement was not in error.

 Moreover, Plaintiffs have failed to note that while parol evidence is admissible where an agreement is not integrated or only partially integrated, such evidence still must not contradict or vary the clear terms of the agreement. Under this exception to the rule, the court may admit the evidence *"not to contradict or vary, but to complete* the entire agreement of which the writing is only a part." *Greenfield*, 81 N.Y.S.2d at 551–52 (emphasis added). In *Dickinson*, the court held that "oral evidence, *not inconsistent with the writing,* may be given to show what the entire contract really was." *Dickinson*, 79 N.Y.S.2d at 834 (emphasis added).

 The evidence that the Plaintiffs seek to introduce is intended to show that the Defendants, in addition to Rezak and Lederman are obligated to repay the loan. This clearly contradicts the terms of the agreement, since Rezak and Lederman signed in their individual capacities and no agency relationship with Defendants is evident on the face of the documents. Accordingly, the parol evidence cannot be admitted on these grounds and the Magistrate made no error with respect to this exception to the rule.

#### (2) Contemporaneous Execution of Documents

 Parol evidence is admissible to determine the relationship between contempo-

---

5. As stated earlier, the Court will consider only those exceptions raised in the hearing before the Magistrate on August 26, 1991.

raneously executed documents. *Bloor v. Shapiro*, 32 B.R. 993, 999 (S.D.N.Y.1983). The scope of this exception is limited, however. Such evidence is admissible to connect several writings and to show that they are part of the same transaction, and for the purpose of determining whether the parties intended the documents to be read together as a single agreement. *Id.; Northwestern Bank v. Cortner*, 275 So.2d 317, 319 (Fla.App.1973).

Plaintiffs argue that their proffered evidence should be admitted under this exception, but what they seek to introduce goes beyond merely explaining the relationship between the documents and how they are linked together. They seek to introduce evidence as to the "background of this transaction, what was happening, explaining the intent of the parties, explaining how each of the three legs of the stool ends up supporting what the understanding and what the agreement of the parties was." Argument of Counsel for Plaintiffs, Transcript of Magistrates Hearing, p. 48. This goes far beyond explaining how the three documents can be construed as a single agreement, and appears to include conversations and negotiations prior to or contemporaneous with the execution of the written agreement. Plaintiffs' argument as to this exception of the parol evidence rule has no merit.

### (3) Ambiguity

Where the language of a contract is ambiguous or equivocal, parol evidence may be introduced concerning the facts and surrounding the making of an integrated agreement in order to show the intended meaning of the language at the time of contracting. *Adler & Shaykin*, 721 F.Supp. at 479. The search for ambiguity must be conducted within the four corners of the writing. *Id.* Contract language is ambiguous where it is susceptible to at least two fairly reasonable meanings. *Id.*

Plaintiffs state that ambiguous language is found in the second paragraph of the Letter Agreement. It reads:

This will confirm my agreement with the Trust that in consideration of the Trust's making the loan of $715,000.00, repayment of which is evidenced by the Note and the Guarantee, I shall cause the Note to be prepaid prior to its maturity date to the extent of any available cash proceeds or return of capital received by me, or any entity owned or controlled by me, from the sale of limited partnership interests in Outlet Associates of Williamsburg, L.P., or any affiliated entity, formed to acquire title to the Outlet Ltd. Mall in Williamsburg, VA.

As to the entire paragraph, Plaintiffs assert that it is simply not clear whether it constitutes an undertaking by Rezak-owned entities to directly repay the Trust for the debt evidenced by the Note. More specifically, it is unclear as to whether the words "available cash proceeds" and "return of capital" include funds acquired as a result of a sale or disposition of the Mall other than by syndication; and whether "any affiliated entity" and "any entity owned or controlled by [Rezak]" includes the Defendants.

The Court finds no ambiguity in this paragraph. First, Rezak states that "[t]his will confirm *my* agreement with the Trust ..." and "*I* shall cause the Note to be prepaid...." (emphasis added) and he signed the document (written on his personal letterhead) in his personal capacity, indicating a personal obligation rather than one made on behalf of one of his business entities. It is not disputed that the Defendant entities were owned and controlled by Rezak. Rezak simply uses the phrase "any entity owned or controlled by me" to identify a possible source of funds from which *he himself* would prepay the loan evidenced by the Note and Guarantee. Such a statement does not bind the source of the funds to repay the loan.

Looking at the circumstances surrounding the negotiation to ascertain the parties' intention, as is required by *Todem Homes, Inc. v. Freidus*, 84 Misc.2d 1023, 374 N.Y.S.2d 923, 929–30 (1975), they do not support a finding of ambiguity. The transaction involved experienced businessmen and the Trust was represented by a New

**1232**

York attorney. If the parties intended the Defendants to be bound, they had every opportunity to do so and had the legal expertise of the Trust's attorney to draft the documents to evidence such an intent. For whatever reason, the parties did not bind the Defendants. The Court can only conclude that this was the intent of the parties.

Finally, prepayment was to be made from funds made available from "the sale of limited partnership interests" in the entity which ultimately acquired the Mall. No reference is made to any other disposition of the property. Plaintiffs wish the Court to look outside the four corners of this document to create ambiguities which do not exist on its face. Such an examination is not proper, and the Court finds no error in the Magistrate's ruling.

(4) Collateral Contract

■ Even where an agreement is integrated, parol evidence may be admitted if there is a collateral contract; one that is "separate, independent and complete ... although relating to the same object." *Adler & Shaykin,* 721 F.Supp. at 478 (quoting *Lee v. Joseph E. Seagram & Sons, Inc.,* 413 F.Supp. 693, 701 (S.D.N.Y.1976). In order to qualify as a collateral agreement, the agreement: (1) must be collateral in form; (2) must not contradict express or implied provisions of the contract; and (3) must be one that parties would not ordinarily be expected to embody in the writing and not so clearly connected with the principal transaction as to be part and parcel of it. *Mitchill v. Lath,* 247 N.Y. 377, 380–81, 160 N.E. 646, 646 (1928).

■ Plaintiffs allege that there was a collateral understanding that the loan repayment was not linked solely to syndication, but included other returns of capital and any proceeds resulting from the disposition of the Mall.

If in fact such an agreement did exist, it does not qualify as a collateral one. First, such an agreement is clearly connected to the primary agreement to repay the loan because it deals with the source of repayment. These terms, if actually agreed

upon, one would expect to embodied in one agreement to repay, rather than in two separate ones. Second, such an agreement contradicts the terms of the agreement, specifically the Letter Agreement, which refers only to syndication as the source of prepayment of the loan.

It must be noted here that exceptions to the parol evidence rule are instances where the rule does apply because the evidence *explains* or *supplements* the document, rather than varies, adds to or contradicts it. None of the exceptions allow evidence of prior negotiations or contemporaneous oral agreements to contradict, vary or add to the express terms of the contract. The testimony and other evidence the Plaintiffs plan to present to the Court not only contradict the contract documents themselves, but deal with negotiations and statements made prior to or contemporaneous with their execution. For these reasons, none of the exceptions cited by the Plaintiffs can be applied in this case. Accordingly, the Magistrate's exclusion of the testimony and related evidence was proper.

*Admissibility of the Contract Documents*

The Magistrate ruled that each of the contract documents was inadmissible because it "had no relation on its face to the named defendants". Furthermore, Plaintiffs conceded that "the documents could be used as evidence against defendants—corporations that did not sign the documents at issue—only if parol evidence were admitted to explain that the promises in the documents were not intended to be the promises of the signers of the documents but instead were intended to be promises binding on defendants." Magistrate's Recommendation or Order, p. 7.

■ On the face of the contract documents themselves, it is clear they bind Rezak and Lederman personally. They signed in their individual capacities and there is no indication that Rezak and Lederman acted on behalf of either of the Defendants, as no agency is alleged anywhere in the documents. Defendants contend that because Rezak and Lederman are not parties to this action, and no agency relation-

ship can be shown, these three documents are not relevant to this action. Plaintiffs say that these three documents form the contract at issue in the case. Moreover, the Magistrate's ruling was based on a legal conclusion that under no circumstances could these three contract documents be found to bind the Defendants and that the documents therefore could not be relevant to an action against the Defendants. This decision, Plaintiffs contend, goes well beyond an evidentiary ruling and finds as a matter of law that the Defendants are not liable to the Trust, despite the fact that the Letter Agreement specifically references the Defendant Outlet Associates.

Plaintiffs need to present evidence of the oral negotiations preceding the written agreement and contemporaneous oral statements that directly contradict the terms of the documents in order to make them relevant and admissible as evidence against the Defendants. As such evidence is not admissible under the parol evidence rule, the relevance of these documents cannot be established and they therefore must be excluded.

## CONCLUSION

The Defendants' Motion in Limine merely sought the exclusion of evidence inadmissible under the parol evidence rule. While the exclusion of the proffered evidence severely hampered the Plaintiffs' case, it is not dispositive of a claim or claims as contemplated by Federal Rule 72(b). Therefore, the Court adopts the Recommendation of the Magistrate that his ruling on Defendants' Motion in Limine was not dispositive and Plaintiffs' motion that it be so treated is DENIED.

Reviewing the ruling on the Motion in Limine under the appropriate standard, the Magistrate's ruling on the admissibility of the Letter Agreement, Note and Guarantee, as well as the related testimony and evidence was not clearly erroneous or contrary to law. The evidence the Plaintiffs sought to introduce was intended to show that the Defendants are obligated to repay the loan. This directly contradicts what is on the face of the documents and is not admissible. Moreover, since no parol evidence is admissible to show an agency relationship between Rezak, Lederman and the Defendants, the contract documents themselves have no relevance to an action against the Defendants. For these reasons, the Magistrate's ruling on the Motion in Limine is AFFIRMED.

IT IS SO ORDERED.