Gray v. St. Martins Press          CV-95-285-M     06/02/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Robert K. Gray,
     Plaintiff

v.                                        Civil No. 95-285-M

St. Martin's Press, Inc.
and Susan Trento,
     Defendants


**O R D E R**

Plaintiff and defendants have moved the court to reconsider certain aspects of a non-dispositive pretrial order entered by the Magistrate Judge.  Pursuant to 28 U.S.C. § 636(b)(1)(A), this court's review of that order is highly deferential and the relief requested by the parties may be granted only if it is demonstrated that the order is "clearly erroneous or contrary to law."  Id.  See also Fed. R. Civ. P. 72(a).


**Discussion**

The parties to this defamation action have been embroiled in numerous discovery disputes, requiring the intervention of both the Magistrate Judge and the undersigned.  Their current disagreements relate to certain aspects of the Magistrate Judge's order dated September 30, 1997, which addressed many of the outstanding discovery issues (the "Discovery Order").


Defendants contend that the Magistrate Judge erred when he ruled that New Hampshire's law of attorney-client privilege,

rather than federal common law or the law of the Commonwealth of Virginia, applies in this action. Plaintiff, on the other hand, claims that the Magistrate Judge erred when he denied plaintiff's motion to compel defendants to reveal the identities of confidential sources used by Susan Trento in the course of researching and writing The Power House, the publication at issue in this action.

The parties do, however, share a modicum of common ground. Perhaps not surprisingly, they agree that they disagree -- this time with the Magistrate Judge. Specifically, they join in asserting that the Magistrate Judge erred when he concluded that "the parties agreed in oral argument that the suit was brought under New Hampshire's defamation laws." Discovery Order at 6. Both plaintiff and defendants say that they had made no such concession and, in fact, claim that neither party had briefed or even addressed the issue.

In light of the parties' agreement on this issue, to the extent that the Magistrate Judge ruled that New Hampshire defamation law governs plaintiff's substantive claims, the court holds that such a conclusion was premature. While the court may eventually conclude that New Hampshire law governs plaintiff's state law claims, the court will afford the parties the opportunity to brief the issue before rendering any decision. That portion of the Discovery Order is, therefore, vacated.

I.   Attorney-Client Privilege.

The Magistrate Judge ruled that, under Rule 501 of the Federal Rules of Evidence, New Hampshire's privilege law governs claims of privilege asserted by defendants in this action. Discovery Order at 6-7.  He then concluded that under New Hampshire's law, defendants' assertions of attorney-client privilege must fail.

> Defendants have also asserted a joint or common interest privilege, which in New Hampshire is found at Rule 502(b)(3).  Defendants have alleged all the ingredients of a joint defense privilege but one; at the time of the communications at issue they had no "pending action."  The implicit threat in the Baine letter may have motivated the communications at issue. However, Rule 502(b)(3) does not refer to possible or likely actions, and the defendants have made no argument that pending action means anything but filed action.

Discovery Order at 10-11.

Defendants assert that the "pending action" element of New Hampshire's common interest privilege is immaterial in the present case.  They contend that because their defense is based upon principles of federal law (i.e., the First Amendment), Rule 501 of the Federal Rules of Evidence requires the court to apply the federal common law of privilege, rather than New Hampshire's privilege law.  And, because federal common law relating to the common interest privilege does not contain a "pending action" element, defendants claim to have carried their burden and demonstrated that the privilege applies.  The court disagrees.

3

While defendants may well invoke constitutional principles articulated by the Supreme Court in New York Times Co. v. Sullivan, 376 U.S. 254 (1964), their defense(s) to plaintiff's state law defamation claims will necessarily be based upon state law (as constrained by constitutional principles). Accordingly, the Magistrate Judge properly concluded that Rule 501 of the Federal Rules of Evidence requires the court to apply state, rather than federal, law of privilege to this matter. Rule 501 provides, in pertinent part, that:

> [I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Fed. R. Evid. 501 (emphasis supplied). Thus, Rule 501 states the general rule that in diversity cases, such as this, the applicability and scope of privileges are determined in accordance with state law.

Having concluded that state, rather than federal, law governs resolution of this dispute concerning defendants' invocation of the attorney-client privilege, the court must next determine which state law applies. Again, however, the parties disagree. Plaintiff contends that the Magistrate Judge properly concluded that New Hampshire's law of attorney-client privilege applies. Defendants, on the other hand, assert that if state

4

rather than federal law governs the parties' discovery dispute, the court should apply the law of Virginia.

At a hearing held on September 4, 1997, the Magistrate Judge stated that "my inclination is to conclude from [the cases previously discussed] that the privileges to be applied here are state privileges and not federal privileges." (Tr. at 23).[1] The Magistrate Judge then added that if New Hampshire's law of privilege governs the parties' discovery dispute, the materials sought by plaintiff are not protected by the so-called joint enterprise or common interest privilege. Counsel for defendant agreed, stating "I think that's right if New Hampshire law applies." (Tr. at 25). In light of that concession, counsel for defendants vigorously argued that federal, rather than state, law governed the scope and application of the privilege at issue.

Importantly, prior to filing the pending motion to reconsider the Magistrate Judge's order, defendants never argued that if state law properly applied, the court should turn to the law of Virginia, rather than that of New Hampshire. See, e.g., Defendants' memorandum of law in opposition to plaintiff's motion to compel (document no. 75) at n.7 ("The Court need not decide the choice of law issue in ruling on Plaintiff's motion to compel

---

[1] Because neither party requested a formal transcript of the hearing, none was produced. Accordingly, page references are to an unofficial transcript of the hearing, taken from the stenographer's floppy disk.

5

because the rule of decision is supplied by federal law."). Defendants first raised the argument that Virginia law governs their invocation of attorney-client privilege in the context of their motion to <u>reconsider</u> the Discovery Order.

The first question presented, then, is whether defendants may now pursue a legal argument which they did not advance before the Magistrate Judge prior to his ruling upon a pretrial discovery matter. The Court of Appeals for the First Circuit has yet to address this precise issue. It has, however, held that in the context of an appeal of a Magistrate Judge's report and recommendation, <u>see</u> 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), a party may not advance arguments not previously raised:

> We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.
>
> The role played by magistrates within the federal judicial framework is an important one. They exist to assume some of the burden imposed on the district courts by a burgeoning caseload. The system is premised on the notion that magistrates will relieve courts of unnecessary work. Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and - having received an unfavorable recommendation - shift gears before the district judge. Such fast shuffling of the orderly processes of federal litigation should not be encouraged.

<u>Patterson-Leitch Co., Inc. v. Massachusetts Wholesale Electric</u> <u>Co.</u>, 840 F.2d 985, 990-91 (1st Cir. 1988) (citations and quotation marks omitted).

Consistent with the reasoning adopted by our court of appeals, district courts in other circuits have held that by failing to preserve objections to a magistrate's non-dispositive order, a party waives its right to pursue those objections before the district court.  <u>See, e.g.</u>, <u>Lithuanian Commerce Corp. Ltd. v.</u> <u>Sara Lee Hosiery</u>, 177 F.R.D. 205, 209 (D.N.J. 1997) ("by failing to preserve its objections to the magistrate judge's non-dispositive order below, [plaintiff] has indeed waived its right to present them on appeal to this court."); <u>Mitchell v.</u> <u>Consolidated Freightways Corp.</u>, 747 F.Supp. 1446, 1447 (M.D. Fla. 1990) ("[Defendant's] last two arguments may be disregarded. Defendant did not present these grounds to the Magistrate.  His decision should not be disturbed on the basis of arguments not presented to him."); <u>Jesselson v. Outlet Assocs. of Williamsburg,</u> <u>Ltd. P'ship.</u>, 784 F.Supp. 1223, 1228 (E.D. Va. 1991) ("Review of a Magistrate's ruling before the District Court does not permit consideration of issues not raised before the Magistrate.  A magistrate's decision should not be disturbed on the basis of arguments not presented to him."); <u>Health Corp. of America, Inc.</u> <u>v. New Jersey Dental Ass'n.</u>, 77 F.R.D. 488, 492 (D.N.J. 1978) ("Since this argument was not presented to the Magistrate for his consideration before decision, the court will not consider it

now.  A contrary result would undermine the rationale of the recent Magistrate Act amendments and would increase, rather than alleviate, the burden of the trial judge in pre-trial matters.").

In explaining the basis for such a rule, the United States District Court for the District of New Jersey observed:

> It is established law in this circuit that, absent compelling reasons, the court of appeals will not address issues not originally presented to the district court.  This sound judicial policy prevents a litigant from taking an extra swing at the ball.  Specifically, a litigant may not await the court's decision on the merits and, then, unhappy with the result below, raise a new issue on appeal.  A similar rationale has been applied to require parties who are before a magistrate judge to raise any and all arguments before the magistrate, and not wait to raise new arguments before the district court.

Jordan v. Tapper, 143 F.R.D. 567, 570 (D.N.J. 1992) (citations and quotation marks omitted).

In light of analogous circuit precedent, see, e.g., Patterson-Leitch, supra; Borden v. Secretary of Health & Human Services, 836 F.2d 4, 6 (1st Cir. 1987), and for the reasons expressed in the opinions cited above, the court holds that when appealing a non-dispositive pretrial order issued by the Magistrate Judge, a party may not advance legal or factual arguments which were not presented to the Magistrate Judge. Accordingly, defendants' argument that Virginia law governs their invocation of the attorney-client privilege is deemed to have been waived.

8

The Magistrate Judge's legal conclusion that state law, rather than federal law, governs the scope and application of the privilege asserted by defendants is not contrary to the law. Accordingly, there is no basis (or reason) to disturb that conclusion. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). And, because defendants waived any argument that Virginia law governs, the court will not revisit the Magistrate Judge's conclusion that New Hampshire law applies.

II. Confidential Sources.

In light of foregoing, the court will apply New Hampshire's privilege law in determining whether the Magistrate Judge's conclusions with regard to the so-called press privilege were clearly erroneous or contrary to the law. In the Discovery Order, the Magistrate Judge discussed the requirements imposed by New Hampshire law upon a party seeking the disclosure of confidential press sources in a civil action:

> Plaintiff must establish that there is a genuine issue of material fact regarding the falsity of the statements at issue, that the information withheld is relevant and material to his claim, and that he attempted to obtain the information by all reasonable methods.

Discovery Order at 16. That statement of the law is entirely consistent with New Hampshire precedent. See State v. Siel, 122 N.H. 254 (1982); Downing v. Monitor Publishing Co., Inc., 120 N.H. 383 (1980). See also Bruno & Stillman, Inc. v. Globe Newspaper Co., 633 F.2d 583, 597-98 (1st Cir. 1980) (citing

9

Downing and observing that the district court may, among other things, "require that resort to nonconfidential sources first be exhausted. . . . The values resident in the protection of the confidential sources of newsmen certainly point towards compelled disclosure from the newsman himself as normally the end, and not the beginning, of the inquiry.") (citation and internal quotation marks omitted).

Turning to the merits of plaintiff's argument, the court concludes that he has failed to demonstrate that the Magistrate Judge's factual conclusions were clearly erroneous. Among other things, the Magistrate Judge concluded that plaintiff had failed to establish two essential elements of his claim: (1) that there was a genuine issue of material fact with regard to the veracity of the statements attributed to the confidential sources; and (2) that he had exercised reasonable efforts to discover the identity of those sources through other means.

Even crediting plaintiff's assertion that he has established a genuine issue of material fact (through the submission of his affidavit), he has failed to demonstrate that the Magistrate Judge erred in concluding that plaintiff "has not made all reasonable efforts to obtain [the identity of the confidential sources] by other means." Discovery Order at 16-17. As defendants point out, their responses to plaintiff's interrogatories (as well as the alleged defamatory statements

10

themselves) provide plaintiff with substantial clues as to the identities of the confidential sources. Absent some showing that he has undertaken reasonable efforts to discover the identities of those sources through other means (or that such efforts would prove futile), he cannot demonstrate that the Magistrate Judge's factual conclusions were clearly erroneous.

## Conclusion

For the foregoing reasons, the court concludes that neither party has demonstrated that the Magistrate Judge's factual findings were clearly erroneous or that his legal conclusions were contrary to law. See 28 U.S.C. § 636(b)(1)(A). Accordingly, defendants' motion to reconsider and reverse the decision of the Magistrate Judge (document no. 107) and plaintiff's motion to reconsider and reverse the decision of the Magistrate Judge (document no. 106) are denied.

**SO ORDERED**

_____
Steven J. McAuliffe
United States District Judge

June 2, 1998

cc:  James G. Walker, Esq.
     Mark D. Balzli, Esq.
     Cletus P. Lyman, Esq.
     William L. Chapman, Esq.
     John C. Lankenau, Esq.
     Steven M. Gordon, Esq.
     Seth L. Rosenberg, Esq.

11